## WILLIAM W. POST

### *v.*

### JOHN ROHRBACH et al.

*Filed at Springfield November 2, 1892.*

1. WILL — *construed* — *estate devised.* A testator devised land to his daughter subject to the limitation that if she should die without leaving a child or children surviving her, or, leaving a child or children, such child or children should die without leaving issue surviving them or one of them, the land should revert to such of the children and descendants of the deceased children of the testator as should then be living : *Held,* that the daughter took a defeasible estate in fee, subject to the conditions named, and not a life estate, and that the child or children of the daughter, or their children, took nothing under the will, and that the daughter had the power to convey the estate away until the happening of the contingency limiting it, and thereby to deprive her children of all interest in it.

2. Where a testator devises land to his daughter subject to the condition or limitation that if she should die without leaving issue, or if she should die leaving a child or children surviving her, and such child or children should die without leaving a child or children surviving them or one of them, it should revert to such of the children and descendants of the deceased children of the testator as might then be living, it was *held,* that there was nothing left in the testator, after such devise, except the possibility of reverter, and that the conditional limitation over could only take effect, if at all, as an executory devise.

3. SAME—*construed*—*rule against perpetuities applied.* A party devised land to his daughter subject to the limitation that if she should die without issue, or leave surviving no children or child nor the issue of such children or child, or she should die leaving surviving her a

child or children, and all of such children should die without issue, then the land so devised should descend or revert to such of the testator's children as might then be living, and to such children or child as should then be living of any of his deceased children, etc. When the will was made the daughter was unmarried, and at the death of the testator she had no child then born, but gave birth to one subsequently: *Held,* that the limitation over was void, as being in violation of the rule against perpetuities, and being void, the daughter took the land in fee simple absolute.

4. SAME— *cy pres rule of construction.* A limitation void because it offends the doctrine of perpetuity will be void altogether, and can not be held, under the *cy pres* rule of construction, to be good as to that part which keeps within the period of perpetuity and void only as to the excess.

APPEAL from the Circuit Court of Ford county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. WILLIAM T. AMENT, Mr. A. E. HARDING, and Mr. N. J. PILLSBURY, for the appellant:

There is much to warrant the assumption that Mary Matilda took an estate tail. *Slater* v. *Slater,* 5 T. R. 335; *Robinson* v. *Robinson,* 1 Burr. 38; Cowper, 833.

In limitations over in default of issue the rule observed seems to be, that if a definite failure be intended by the testator, the limitation over is that of an executory devise after a conditional fee, but if an indefinite failure of issue be intended, the limitation over will be by way of remainder after an estate tail in the first taker. *Hall* v. *Priest,* 6 Gray, 18; *Fosdick* v. *Cornell,* 1 Johns. 440; *Blair* v. *Vanblarcam,* 71 Ill. 290.

The law favors a remainder, and gives effect to that construction in preference to the other, where it is possible. *Fisk* v. *Keen,* 35 Me. 349; *Wall* v. *Maguire,* 24 Pa. St. 248.

When the person on whose general failure of issue a devise is expressly made expectant is the heir-at-law of the testator, he becomes tenant in tail by implication, in precisely the same manner as if there had been a devise to him and his heirs in the will. *Dainty* v. *Dainty,* 6 T. R. 307; *Goodright* v. *Goodridge,* Willes, 369; 2 Jarman on Wills, 139; 7 Mod. 453.

This right of entry for condition broken is personal to the grantor or his heirs, and being but a chose in action, is non-assignable at common law. *Shulenberg* v. *Harman,* 21 Wall. 346; *Hooper* v. *Cummings,* 45 Me. 359; *Merrill* v. *Harris,* 102 Mass. 328; *Rice* v. *Railroad Co.* 12 Allen. 142; Tiedeman on Real Prop. sec. 277; 1 Washburn on Real Prop. 453; *Nicoll.* v. *Railroad Co.* 2 Kern. 133.

As to the difference between a conditional estate and a limitation over, see 4 Kent's Com. 122, 127; *Wells* v. *Heath,* 10 Gray, 17; *Rice* v. *Railroad Co.* 12 Allen. 142; *Proprietors* v. *Grant,* 3 Gray, 142; *Hooper* v. *Cummings,* 45 Me. 359; Tiedeman on Real Prop. sec. 281.

As to the estate of Mary Matilda under the will, see *Brightman* v. *Brightman,* 100 Mass. 238; *Wills* v. *Heath,* 10 Gray, 17; *Proprietors* v. *Grant,* 3 id. 142; *Jackson* v. *Blanham,* 3 Johns. 292; *Fosdick* v. *Cornell,* 1 id. 440; *Anderson* v. *Jackson,* 16 id. 000; *Jackson* v. *Christman,* 4 Wend. 278; *Ackless* v. *Seekright,* Bu. 76; *Hanbury* v. *Cockerell,* 1 Roll, 662.

A limitation over on death without issue before the age of twenty-one years, is an executory devise. *Den* v. *English,* 2 Harr. 281; *Bell* v. *Scammon,* 15 N. H. 381; *Booker* v. *Booker,* 5 Humph. 505; *Robertson* v. *Adams,* 4 Dall. 12; *Deihl* v. *King,* 6 S. & R. 29; *Smith* v. *Hunter,* 23 Ind. 580; *Hilliary* v. *Hilliary,* 26 Md. 275; 2 Jarman on Wills, (5th Am. ed.) *866.

The limitation is void, as being too remote. Tiedeman on Real Prop. sec. 48, 84; 2 Preston on Estates, 395; Jarman on Wills, 254, 200, 783; *Proprietors* v. *Grant,* 3 Gray, 142; 2 Washburn on Real Prop. 103; *Society* v. *Attorney General,* 135 Mass. 285; Lewis on Perpetuities, 657.

Messrs. BENJAMIN & MORRISSEY, Mr. T. F. TIPTON, Mr. H. P. BEACH, and Messrs. COOK & MOFFETT, for the appellees:

In every case calling for the construction of a will, the question of first importance is, what was the testator's intention. *Decker* v. *Decker,* 121 Ill. 354; *Boyd* v. *Strahan,* 36 id. 359.

The testator intended that the "child or children" (if any) of his daughter, Mary Matilda, should have and enjoy the land in controversy, and that the grandchildren (if any) of Mary Matilda should have the land in fee simple. Such intention. precludes the theory that Mary Matilda took an estate in fee tail, generally termed an estate tail. An estate tail is where the heirs to whom the inheritance can descend are restricted to the heirs of the body of a specified person. The inheritance, under the terms of the will, is not restricted to the heirs of the body of Mary Matilda. It might have passed to the collateral heirs of the grandchildren of Mary Matilda, although such collateral heirs might not have been of the blood of Mary Matilda.

The following authorities support the position that the estate of Mary Matilda was a life estate: *Shepard* v. *Shepard,* 60 Vt. 109; *Oyster* v. *Krull,* 13 Pa. St. 448; *Griffin's Estate,* 138 id. 328; *High's Estate,* 136 id. 222; *Welter* v. *Cotton Press Co.* 75 Ga. 540; *Bergan* v. *Cahill,* 55 Ill. 160; *Johnson* v. *Johnson,* 98 id. 564.

The following authorities show that the estate of Mary Matilda was a life estate, and at the same time they tend to show that the estate of her child was a life estate, converted by the *cy pres* doctrine into a fee tail: *Humberston* v. *Humberston,* 1 P. Wms. 332; *Allyn* v. *Mather,* 9 Conn. 114; *Barry* v. *Shelby,* 4 Haywood, 228; *Jackson* v. *Brown,* 13 Wend. 437; *Gibson* v. *McNeely,* 11 Ohio St. 131; *Parfitt* v. *Hember,* L. R. 4 Eq. Cas. 443; *Willis* v. *Lucas,* 1 P. Wms. 472.

Even if the estate of Mary Matilda was a fee determinable, then, since the designated issue has failed, since the event circumscribing the continuance of her estate has occurred, the appellees are entitled to the estate as the heirs of the testator. If one grants a fee determinable, a possibility of reverter will descend to his heirs. One and the same event may determine a preceding estate, and fail, in effect, to carry the estate over. One and the same event—failure of issue—may cause an

estate to descend or revert to the heirs of a testator, and yet, by reason of its remoteness, fail to carry the estate over to the same persons, or to others, by way of executory devise. Property embraced in an ultimate testamentary limitation, which is too remote, will descend to the heirs of the testator. 4 Kent Com. 9, 10; *Savage* v. *Burnham*, 17 N. Y. 561; *Post* v. *Hover*, 33 id. 593; *Schettler* v. *Smith*, 41 id. 328; *Harrison* v. *Harrison*, 36 id. 543; *Purdy* v. *Hayt*, 92 id. 446.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Conrad Rohrbach, having made his last will and testament, died on the 12th of July, 1884, leaving surviving him, his widow, Anna Mary Rohrbach, and his children, John Rohrbach, Mary Matilda Rohrbach and Catrina Lamborn, and certain grandchildren. His widow died on the 14th of August, 1889. His daughter Mary Matilda was married to William W. Post on the 28th of June, 1888, by whom she had one child, born on the 24th of May, 1890. Mary Matilda died June 26, 1890, leaving surviving her, as her only heir-at-law, this child, and it died on the 18th of February, 1891, leaving as its only heir-at-law its father, William W. Post. The contest here is between William W. Post on the one hand, and the children and grandchildren of Conrad Rohrbach on the other hand, in regard to the real estate devised to Mary Matilda, the former contending that upon the death of Mary Matilda her child became seized of it in fee, and that upon its death the father became in like manner seized in fee of it, and the latter contending that upon the death of the child it reverted to them. The court below found in favor of the latter contention.

The fourth and eighth clauses of the will of Conrad Rohrbach read as follows:

"*Fourth*—I give and bequeath to my daughter Mary Matilda Rohrbach, the north-east quarter of section number twenty-eight (28), township number twenty-six (26), north of range

number nine (9), east of the third principal meridian, subject, nevertheless, to the annual charge of two hundred ($200) dollars of my said wife, Anna Mary Rohrbach, as above set forth.

"*Eighth*—In the above bequests to my said children, John Rohrbach, Mary Matilda Rohrbach and Catrina Lamborn, I hereby make this express provision and stipulation: that should either or any of my said children die without issue, or should either or any of them leave surviving them no children or child, nor the issue of such children or child, or should any or either of my said children die leaving surviving them a child or children, and all of such children of either of my deceased children, as aforesaid, shall die without issue, then and in that case it is my will that the respective portions of my said property hereby bequeathed of any of my said children deceased, as aforesaid, shall descend or revert to such of my children as shall then be living, and to such children or child as shall then be living of any of my deceased children, as aforesaid, said property so reverting to be divided among them according to the laws of descent of the State of Illinois."

The first question is, do these clauses invest Mary Matilda with the fee of the real estate devised, defeasible upon her dying without leaving child or children surviving her, or do they only invest her and her child, each, with a life estate.

It will be observed that nothing is devised to the child or children of Mary Matilda, nor to the child or children of the child or children of Mary Matilda. The devise is simply to Mary Matilda, but subject to the limitation that if she should die without leaving a child or children, or if she should die leaving a child or children surviving her, and such child or children should die without leaving a child or children surviving them or one of them, it should revert to such of the children and descendants of deceased children of the testator as should then be living. It is true, as argued by counsel for appellees, that if Mary Matilda took a fee upon conditional

limitation, it was within her power to convey the estate away until the happening of the contingency limiting it, and to thereby deprive her child of all interest in it; but this is no more than she could have done had the devise been to her in fee, absolutely. The difference is only between investing her with a qualified and an absolute fee.

It is difficult to conceive why the testator preferred giving Mary Matilda a defeasible estate rather than a life estate, to be followed by a like life estate in her child; yet the language seems to admit of no other construction. There was nothing left in the testator, after the devise to Mary Matilda, except the possibility of reverter. (Tiedeman on Real Prop. sec. 398.) The conditional limitation over, therefore, could only take effect, if at all, as an executory devise. 2 Jarman on Wills, *866, (5th Am. ed.) 485. The following cases will be found to be analogous: *Derecman* v. *Shaw et al.* 70 Md. 219; *Brightman* v. *Brightman*, 100 Mass. 238; *Proprietors* v. *Grant et al.* 3 Gray, 142; *Ackless* v. *Seekright*, Breese, 76; *Freidman* v. *Steiner et al.* 107 Ill. 125; *Giles et al.* v. *Anslow et al.* 128 id. 187.

But the limitation over, here, is void, because it might not have taken effect in possession within a life or lives in being and twenty-one years thereafter. (Tiedeman on Real Prop. sec. 544; 2 Washburn on Real Prop. 701-702.) The child of Mary Matilda was unborn at the date of the death of the testator, and it was not until its death that the limitation over, which might have been several times twenty-one years beyond the life of Mary Matilda could take effect; and the limitation over being void for this reason, it leaves the prior limitation free from the condition, making what was a conditional estate an absolute one. Tiedeman on Real Prop. *ubi supra*; 2 Washburn on Real Prop. 702, 703.

Counsel for appellees seek, however, to apply the *cy pres* rule of construction here. But "a limitation void because it offends the doctrine of perpetuity will be void altogether, and

can not be held, under the *cy pres* rule of construction, to be good as to that part which keeps within the period of perpetuity, and void only as to the excess." Tiedeman on Real Prop. *ubi supra*, and authorities cited in note 4.

In our view, therefore, Mary Matilda took the title in fee, which descended upon her death to her child, and upon its death to its father, the husband of Mary Matilda, and the present appellant.

The judgment below is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed.*