[Sac. No. 103.    Department One.—September 8, 1896.]

In the Matter of the Estate of DANIEL WINTER, Deceased.

Wills—Construction—Intention of Testator—Date of Survivorship.
    In the construction of wills, the period of time to which survivorship is to relate, depends rather upon the apparent intention of the testator, to be collected from the particular disposition, or the general context of the will, than upon any rigid rule or technical form of words.

Id.—Devise of Life Estate—Sale of Remainder—Division of Proceeds between Survivors.—Where a life estate is devised to the wife of the testator, and the will provides that the land is then to be sold and the proceeds divided between the surviving brothers and sisters of the testator, the survivorship does not relate to the death of the testator, but the intention of the testator is to bequeath the money proceeds of the land only to those of his brothers and sisters living at the time appointed in the will for the distribution of the money, and the heirs of any brother or sister who may die prior to that time are not entitled to share in the distribution.

APPEAL from a decree of distribution of the Superior Court of San Joaquin County.   JOSEPH H. BUDD, Judge.

The facts are stated in the opinion.

*James A. Louttit,* for Appellant.

The testator intended to bequeath the Union Island ranch to the brothers and sisters surviving him, subject only to the life estate of the surviving widow.  (Civ. Code, secs. 1336, 1337; *Manice* v. *Manice*, 43 N. Y. 367–69; Roper on Legacies, 8th ed. 561; *Pearson* v. *Lane*, 17 Ves. 101; *Collin* v. *Collin*, 1 Barb. Ch. 630; 45 Am. Dec. 420; *Clason* v. *Clason*, 6 Paige, 541; 18 Wend. 369; *Traver* v. *Schell*, 20 N. Y. 89; *Everitt* v. *Everitt*, 29 N. Y. 39; *Tucker* v. *Bishop*, 16 N. Y. 402; *Ives* v. *Legge*, 3 Term. Rep. 488.

*Elliott & Elliott,* for Respondent.

The third clause of the will is open only to one construction; that is, that the vesting of this estate is postponed until after the death of the widow, and that the devisees are not the brothers and sisters of the testator living at his death, but those of them who shall be living at the death of the widow.   (Civ. Code, sec. 1336; 3 Jarman on Wills, 575, 581–84; *Brograve* v. *Winder*, 2 Ves. Jr. 634; *Olney* v. *Hull*, 21 Pick. 312; *Denny* v. *Kettell*, 135 Mass. 138; *Newton* v. *Ayscough*, 19 Ves. 536).

VANCLIEF, C.—The will of Daniel Winter, among other things, contained the following paragraph:

"*Thirdly.* I will and bequeath to my wife, Annie Winter, all of my estate that I die possessed of, excepting the ranch I am living on, on Union Island, San Joaquin county, California, which I will and bequeath to my wife, Annie Winter, for the remainder of her life; then it is to be sold and the proceeds to be divided between my surviving brothers and sisters."

Four brothers and one sister survived the testator; but two of the brothers died during the life of Annie Winter, the widow of the testator, leaving next of kin,

respectively, their heirs at law. The other two of the brothers and one sister survived the widow of the testator, Annie Winter, who was executrix of the will. After the death of said executrix an administrator of the estate of the testator with the will annexed converted the ranch into money, and applied to the court for distribution thereof in accordance with the will; and thereupon the court decreed that all the money proceeds of the ranch be distributed equally to the sister and the two surviving brothers, allowing no part of the money to go to the heirs of either of the two deceased brothers.

The appellant, who is the assignee of the heirs of the deceased brothers, contends that two-fifths of the money should have been distributed to him as assignee of the heirs of the deceased brothers.

The solution of the question depends upon whether the survivorship mentioned in the will relates to the time of the death of the testator, or to the time when the ranch was to be sold, after the death of the widow, Annie Winter. If to the former, then each of the brothers, upon the death of the testator, took a vested interest in the bequest, which, upon his death at any time thereafter, passed to his heirs and became assignable by them. If, on the other hand, the survivorship relates to the time the land was to be sold, then only the brothers and sisters of the testator, surviving at the time the sale of the land should have been made, could take any interest whatever. In other words, if the survivorship relates to a point of time after the death of the life tenant, each brother took only a contingent interest in the bequest of money, dependent upon his surviving the life tenant, which might not happen.

The question to what period survivorship is to relate must depend rather upon the apparent intention of the testator, in each case, than upon any rigid rule, or any technical words. And this intention is to be collected either from the particular disposition or the general context of the will. (*Newton* v. *Ayscough*, 19 Ves. 536; *Denny* v. *Kettell*, 135 Mass. 139.)

The meaning of that clause of the will now under consideration seems to be plain. The widow took a life estate—at her death the ranch to be sold and the proceeds to be divided among the surviving brothers and sisters; i. e., to the brothers and sisters *then* surviving. The exact wording of the clause is, "to my wife, Annie Winter, for the remainder of her life; *then* it is to be sold and the proceeds to be divided between my surviving brothers and sisters." I do not think that can be construed to mean the brothers and sisters surviving at the time of the testator's death.

In *Brograve* v. *Winder*, 2 Ves. Jr. 638, the testator having directed that certain real estate should be converted into money at a stated period, and the proceeds then distributed, Lord Chancellor Loughborough said: "In this will, the penning of which is very particular, when once you fix his intention, that they shall take it in money, which is clearly the sense of this will, there is no gift till the distribution; the object of the distribution is pointed out to be among the persons named, or the survivors or survivor. That excluded the possibility of taking in, as objects of the distribution, persons who are dead."

In *Olney* v. *Hull*, 21 Pick. 313, the court said· "In this will it is perfectly clear that the testator intended to give to his wife the improvement of his farm during her life or widowhood. And, having carved out this estate for her, he gave the remainder to his surviving sons, to be equally divided between them. Had he given generally to his sons, all who happened to be alive at his decease, viz., all who survived him, would have taken. . . . . The time when the estate was to be divided among the sons is certain and definite. It was when the intermediate estate terminated by the death or marriage of the tenant. Among whom was it to be divided? Not those who survived any prior event, not those who survived the father, but those who survived that particular event, those surviving the death or marriage of the widow."

As a general rule, if a legacy be given to two or more, to be equally divided between them, or to the survivor or survivors of them, the survivorship must be referred to the period of division. (*Russell* v. *Long*, 4 Ves. 551; *Elwin* v. *Elwin*, 8 Ves. 547; *Cripps* v. *Wolcott*, 4 Madd. 15.) If a previous life estate be given, then the period of division is the death of the tenant for life, and the survivors at that time take the whole. (*Daniell* v. *Daniell*, 6 Ves. 300; *Jenour* v. *Jenour*, 10 Ves. 566; *Browne* v. *Lord Kenyon*, 3 Madd. 416; *Denny* v. *Kettrell, supra;* 3 Jarman on Wills, 585–89; Roper on Legacies, 563.)

Section 1336 of the Civil Code provides: " Words in a will referring to death or survivorship, simply, relate to the time of the testator's death, unless possession is actually postponed, when they must be referred to the time of possession."

Whatever may be the meaning of the latter clause of this section, it is enough for the purposes of this appeal to say that it is not in conflict with any of the authorities above cited. Taken literally, it would seem to remove all doubt in this case that the words in the will referring to survivorship relate to the time of the sale of the ranch, since possession of the legacies (in money) to the brothers and sisters was actually postponed until such sale. Moreover, the will does not purport to devise to the brothers or sisters any interest in the land, but legacies in money to be raised by a sale of the land; although, no doubt, a court of equity would consider the land personal, from and after the time when it should have been converted into money according to the terms of the will. In this respect the case is like that of *Brograve* v. *Winder, supra,* in which it was held there was no gift till the distribution of the money.

I think it reasonably clear the intention of the testator was to bequeath the money proceeds of the ranch only to those of his brothers and sisters living at the time appointed in the will for the distribution of the money, and that the lower court did not err in so de-

ciding. It follows, I think, that the judgment appealed from should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

VAN FLEET, J., GAROUTTE, J., HARRISON, J.