LINA HARRISON OWSLEY et al.

v.

WILLIAM PRESTON HARRISON et al.

*Opinion filed April 13, 1901.*

1. PERPETUITIES—*requirements of the rule against perpetuities.* The rule against perpetuities requires that the absolute ownership of property must vest in some one within the period of a life or lives in being and twenty-one years and nine months thereafter.

2. SAME—*devise is void if violation of rule against perpetuities may possibly happen.* If the possibility exists that the fee will not vest within the limit fixed by the perpetuity rule the devise is void.

3. SAME—*when rule against perpetuities is violated.* The rule against perpetuities is violated if the vesting of the remainder might be postponed, under the will, until the death of the issue born after the death of the testator.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This is a bill for the partition of certain premises in the city of Chicago, filed by William Preston Harrison on July 26, 1900, against Caroline D. Owsley and Heaton Owsley, her husband; Carter H. Harrison and Edith Ogden Harrison, his wife; Sophonisba G. Eastman and Barrett Eastman, her husband; Lina Harrison Owsley, Sophie Preston Owsley, Carter H. Harrison III, and Edith Ogden Harrison II.

The bill alleges that Carter H. Harrison in his lifetime was the owner in fee of the premises in question; that he died testate on October 28, 1893, leaving him surviving his sons Carter H. Harrison and William Preston Harrison, and his daughters, Caroline D. Owsley and Sophonisba G. Harrison as his only heirs-at-law; that as to one-half of said premises the testator, Carter H. Harrison, died intestate; that the remaining one-half he devised by his will to his four children above named; that after his death his children on March 4, 1896, conveyed the said premises to Carter H. Harrison, Jr., and Heaton

Owsley by a deed of trust, which was duly recorded, on certain trusts, among other things upon the request in writing of any three of the grantors in said deed to re-convey said premises to the grantors; that on November 29, 1899, Carter H. Harrison, Jr., and Caroline D. Owsley, and the complainant, William Preston Harrison, joined in a written request to re-convey the premises to the grantors in the deed of trust, and by deed dated November 29, 1899, they were re-conveyed by the trustees to the four children of Carter H. Harrison; that Carter H. Harrison made a will dated July 10, 1890, which was admitted to probate in the probate court of Cook county on November 17, 1893; that the testator, after making bequests of specific portions of personal property, directed that the residue of his estate be kept together by his executors for a period of two years after his death, and then the sixth clause of the will provides as follows: "*Sixth*—After the expiration of said period of two years, all of my estate, real, personal and mixed, not disposed of as herein above directed, shall be divided into four equal parts or shares of equal value: One of such shares I bequeath to each of my four children who may at that time be alive. If either of my four children shall prior to that time have died leaving lawful issue, and such issue be at that time living, then and in that event, such issue shall stand *in loco parentis*, taking its parent's share. Such share I bequeath to each of my children respectively, or to his or her issue, to have and to hold such share and the property therein contained as follows, to-wit: one-half of such share and of the property therein contained in fee simple title: the other half and the property therein contained for and during his, her, or their natural life; and on his, her or their death, to the heirs of the body of my child or children so deceased. Meaning and intending hereby to give to each of my children or to his or her lawful issue the absolute control of one-half of his, her or their share of my estate, and to

give only a life estate of the other half, with remainder to the heirs of my body. It is my desire that improved real estate should constitute the entailed part of such share, as above provided for."

The bill alleges and the proof shows that the defendants, Lina Harrison Owsley and Sophie Preston Owsley, are the only children and descendants of Caroline D. Owsley; that the defendants, Carter H. Harrison III and Edith Ogden Harrison II, are the only children and descendants of Carter H. Harrison, the son of said testator; that the defendant, Sophonisba G. Eastman, has no children; and that the complainant, William Preston Harrison, is unmarried and has had no children.

The bill charges that the complainant, William Preston Harrison, is the owner in fee simple of an undivided one-fourth of the premises, and that the remaining three-fourths are owned in fee in equal shares by Carter H. Harrison, Caroline D. Owsley and Sophonisba G. Eastman.

The theory of the bill is, and it so alleges, that, by the terms of article 6 of the will as above quoted, the vesting of title to one-half of the testator's estate, including the premises here in question, might have been postponed during lives not in being at the death of the testator, and for that reason so much of article 6 of the will, as disposes of one-half of the residuary estate not devised in fee to the testator's children, is null and void; that the testator made no valid disposition by his will of the one-half of the residue of said estate, including the half of the premises here in controversy, not devised to his children in fee, and that the said one-half descended at the death of the testator to his children Caroline D. Owsley, Carter H. Harrison, Sophonisba G. Eastman and William Preston Harrison in equal shares as in the case of intestacy, but that the issue of said four children not living or hereafter to be born have, and will have, no right or interest in or to the said premises or any part thereof under said will. The bill further alleges that it is claimed,

on behalf of the children of Caroline D. Owsley and Carter H. Harrison, Jr., that they are entitled to an interest in the real estate owned by the testator at the time of his death under and by virtue of article 6 of the will.

Caroline D. Owsley and her husband, Carter H. Harrison and his wife, and Sophonisba G. Eastman and her husband, Barrett Eastman, filed a joint answer to the bill admitting the allegations thereof, and also admitting that complainant therein was entitled to a partition as prayed. The minor defendants answered by their guardian *ad litem,* submitting their rights to the consideration of the court. Replications were filed to the answers, and a reference was made to a master in chancery. The master in his report found the facts as alleged in the bill; and also gave the same construction to article 6 as is given in the bill as above set forth. The minor defendants filed objections to the master's report, which were overruled. The report came on to be heard before the court upon exceptions thereto, and the court overruled the exceptions, and found that the appellee, William Preston Harrison, and each of the other three children of Carter H. Harrison, deceased, were the owners each in fee simple of an undivided one-fourth of the premises described in the bill. The court in its decree found that, by the terms of article 6 of the will, the vesting of title to one-half of the testator's estate, including the premises involved in this suit, might have been postponed during lives not in being at the death of the testator, and, for that reason, that so much of said article 6 as disposes of one-half of the residue of the estate, not devised in fee to the children of the testator, is null and void, and in violation of the rule against perpetuities; that the testator made no valid disposition by his will of the one-half of the residue of his estate not devised to his children in fee, and that said one-half descended at his death to his four children above named in equal shares as in case of intestacy; and that the issue now living or hereafter

to be born of the children of the testator have, and will have, no right, title or interest in and to the premises involved in this suit or any part thereof under said will. The decree then proceeds to appoint commissioners to make partition of the said premises in the manner provided by the statute.

The present appeal is prosecuted by the minor defendants above named, the children of Carter H. Harrison and Caroline D. Owsley, from the decree so entered by the circuit court.

CLINTON S. WOOLFOLK, for appellants:

The clause in question (section 6) devising life estates to the children of the testator, or to the issue of such children, and remainder to the heirs of the body of such children, would at common law have created a fee tail estate in the children of the testator, or the issue of such children, under the rule in *Shelley's case*. *Baker* v. *Scott*, 62 Ill. 93; *Carpenter* v. *VanOlinder*, 127 id. 42; *Butler* v. *Huestis*, 68 id. 594.

No future contingent interest being created, the rule against perpetuities would not have applied. Hopkins on Real Prop. 323.

If one of the four children of the testator had died during the period of two years, leaving issue born after the testator's death, the will would have operated as a devise in fee tail to a person unborn at the time the will became operative by the testator's death.

When land is devised to an unborn person for life, remainder to his children in tail, either successively or as tenants in common with cross-remainders, the unborn person takes an estate tail, and when land is devised to an unborn person for life, remainder to his sons in tail male, either successively or as tenants in common with cross-remainders, the unborn person takes an estate tail male. Gray on Perpetuities, par. 643; Hopkins on Real Prop. 327; 20 Am. & Eng. Ency. of Law, (1st ed.) 866.

It is said in *Baker* v. *Scott,* 62 Ill. 86, that the rule in *Shelley's case* does not apply to an estate tail in Illinois, as our statute has provided that the first taker shall have a life estate and a fee simple absolute shall vest in the second taker. This doctrine is followed in *Butler* v. *Huestis,* 68 Ill. 594. It is submitted that although the effect of the rule in *Shelley's case* has been lost, so far as fee tail estates are concerned, by the operation of the statute referred to, (chap. 30, sec. 6,) yet the rule is not affected by that statute as a rule of construction.

In *Carpenter* v. *VanOlinder,* 127 Ill. 49, the court say, quoting from *Bender* v. *Fleurie,* 2 Grant's Cas. 345: "But no court, in this State or in England, has ever treated the phrase 'heirs of her body' as words of purchase when they are used with reference to the issue of a devisee to whom a life estate is given. They are words of limitation, and as such they create an estate tail in the first taker, which cannot be cut down, even by the clearest desire that it shall be a life estate only."

WILSON, MOORE & McILVAINE, for appellees:

If by any possibility a devise violates the rule against perpetuities it cannot stand. If it is possible that a violation of this rule can happen then the devise must be held void. *Waldo* v. *Cummings,* 45 Ill. 421; *Post* v. *Rohrbach,* 142 id. 600; *Dedford* v. *Dedford,* 26 Md. 176; *Sears* v. *Putnam,* 102 Mass. 6; Gray on Perpetuities, secs. 214, 369, 374.

Neither will the violation of the rule against perpetuities be tolerated when the property is covered by a trust, any more than when such violation actually appears in the creation of a legal estate. Courts of equity will not permit limitations of future equitable interests to transcend those of legal interests which are upheld as executory devises and shifting and springing uses at law. *Howe* v. *Hodge,* 152 Ill. 252; *Bigelow* v. *Cady,* 171 id. 229.

The rule prohibiting perpetuities requires that the absolute ownership of property must vest in some one

within the period of a life or lives in being and twenty-one years and nine months thereafter. (*Waldo* v. *Cummings*, 45 Ill. 421.) A limitation of the fee to the children of appellee's children would be too remote. It would be possible that the fee would not vest within the limit fixed by the rule, and where such possibility exists the devise is void for remoteness. *Schaefer* v. *Schaefer*, 141 Ill. 341.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The question, presented by the record in this case, is whether article 6 of the will of Carter H. Harrison, deceased, as the same is set forth in the statement preceding this opinion, violates the rule against perpetuities.

The rule prohibiting perpetuities requires that the absolute ownership of property must vest in some one within the period of a life or lives in being and twenty-one years and nine months thereafter. (*Waldo* v. *Cummings*, 45 Ill. 421; *Schaefer* v. *Schaefer*, 141 id. 337). "No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest." (Gray on Perpetuities, sec. 201; *Howe* v. *Hodge*, 152 Ill. 252; *Lawrence* v. *Smith*, 163 id. 149).

Where the possibility exists that the fee would not vest within the limit fixed by the rule the devise is void for remoteness. In other words, if there is a possibility that a violation of the rule can happen, then the devise must be held void. (*Bigelow* v. *Cady*, 171 Ill. 229; *Schaefer* v. *Schaefer*, supra; *Post* v. *Rohrbach*, 142 id. 600; *Eldred* v. *Meek*, 183 id. 26).

An application of the rule against perpetuities, as above defined, to clause 6 of the will in this case leads to the conclusion that, under that clause, contingencies might have happened under which the estate would not have vested within the life or lives of persons in being at the death of the testator or twenty-one years thereafter. (*Summers* v. *Smith*, 127 Ill. 645).

190—16

The plain meaning of clause 6 of the will is that, in the event of the death of either of the testator's children prior to the expiration of two years after his death, leaving issue surviving at the expiration of such two years, such surviving issue should take a life estate in one-eighth of the estate of the testator, with remainder to the heirs of the body of such issue. Upon the happening of such contingency, the remainder in fee might not vest until the death of the issue of a deceased child of the testator born after his death; and, therefore, the vesting of the estate might be postponed during the life of a person not in being at the death of the testator. Such a postponement of the vesting of the estate is a violation of the rule against perpetuities, which requires that every estate granted must vest within a life or lives in being at the death of the testator, or twenty-one years and nine months thereafter.

Under the sixth clause of the will the surviving issue of any child of the testator dying during the two years next following the death of the testator would be substituted for such deceased child, and, consequently, would take a life estate in one-eighth of the testator's estate, with remainder to the heirs of the body of such issue. The issue of such deceased child, so taking a life estate, might be born after the death of the testator. If the vesting of the remainder might be postponed under the will until the death of the issue born after the death of the testator, the rule against perpetuities would be violated.

We are, therefore, of the opinion that the decree of the circuit court correctly construed clause 6 of the will in this case; and correctly held that the one-half of the residue of the testator's estate, not devised to his children in fee, descended at his death to his four children in equal shares as in case of intestacy.

Accordingly, the decree of the circuit court is affirmed.

*Decree affirmed.*