[Sac. No. 971.   Department Two.—December 29, 1903.]

## WILLIAM J. ARKLE, Appellant, v. ESTELLE F. ARKLE BEEDIE et al., Respondents.

TRUST—PROPERTY DISTRIBUTED UNDER WIFE'S WILL—PURCHASE WITH COMMUNITY FUNDS—GIFT TO WIFE—SUPPORT OF FINDINGS.—In an action by a husband to enforce a trust in property distributed to a daughter under the wife's will, on the ground that it was common property, findings supported by sufficient evidence that the property was paid for with community funds, with the wife's knowledge and consent, for the express purpose on the husband's part of making the property a gift to her, and that he directed the deed thereof to be made to her alone, as her separate property, which was done, and that from the date of the purchase until her death they both treated it as her separate property, establish the case against the husband and for the daughter.

ID.—DECLARATION OF HOMESTEAD BY HUSBAND.—The property being the separate property of the wife, the attempt of the husband to declare it as a homestead without her consent was void.

APPEAL from a judgment of the Superior Court of Tulare County.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and Cole & Cole, for Appellant.

The presumption that the property was community property, from being paid for with community funds, cannot be overcome by a mere preponderance of evidence, but only by evidence beyond reasonable doubt.   (*In re Buckley*, 69 Cal. 1; *Meyer* v. *Kinzer*, 12 Cal. 248;[1] *Pixley* v. *Huggins*, 15 Cal. 128; *Ramsdell* v. *Fuller*, 28 Cal. 38;[2] *Schuyler* v. *Broughton*, 70 Cal. 282; *Tolman* v. *Smith*, 85 Cal. 282; *Jordan* v. *Fay*, 98 Cal. 264; *Gwynn* v. *Dierssen*, 101 Cal. 563; *Lewis* v. *Burns*, 122 Cal. 358.)

E. O. Larkins, and William W. Cross, for Respondents.

The consent of the husband that the conveyance should be made to the wife as her separate property, operated as a gift, and made it her separate property.   (*Higgins* v. *Higgins*, 46

---

[1] 73 Am. Dec. 538.          [2] 87 Am. Dec. 103.

Cal. 263; *Heney* v. *Pesoli,* 109 Cal. 60; *Read* v. *Rahm,* 65 Cal. 344.) Appellant was concluded by the decree of distribution of the wife's separate estate under her will. (*Cunha* v. *Hughes,* 122 Cal. 111;[1] *Williams* v. *Marx,* 124 Cal. 24; *McKenzie* v. *Budd,* 125 Cal. 602; *Seymour* v. *McAvoy,* 121 Cal. 444; Civ. Code, secs. 1666, 1908; *Matter of Trust of Trescony,* 119 Cal. 570; *Good* v. *Montgomery,* 119 Cal. 558;[2] *Crew* v. *Pratt,* 119 Cal. 149; *Jewell* v. *Pierce,* 120 Cal. 82.)

LORIGAN, J.—Plaintiff and Anna L. Arkle, deceased, were husband and wife, the defendant Estelle F. Beedie, being their daughter. The deed to the property in controversy here, consisting of a house and lot in Visalia, was taken in the name of the wife on April 7, 1885, and on October 27, 1889, the husband, without the consent of his wife, made and recorded a declaration of homestead thereon. In 1896 said Anna L. Arkle died testate, and by her will devised the premises to the defendant, Estelle F. Beedie, making her also executrix of said will. After due proceedings said property was, on January 8, 1897, distributed to said defendant.

This action was brought in 1900 by plaintiff to obtain a decree that the legal title to the premises was held by said defendant under said decree of distribution in trust for him, and to require a conveyance from her.

The principal question involved in the case is whether the property in controversy was the separate property of Anna L. Arkle, deceased, or was it community property?

The court found that while the purchase price of the property was paid by the plaintiff from community funds, still it was done with the knowledge and consent of his wife, and with the intent and for the express purpose on plaintiff's part of making a gift of it to her; that he directed the agent of the parties of whom it was purchased to have the conveyance drawn to her alone, for the purpose of vesting title to it in her, as her separate property, and that she and plaintiff, from the date of the purchase until her death, treated it as her separate property.

Appellant attacks this finding, and insists that the evidence does not justify it.

[1] 68 Am. St. Rep. 27.          [2] 63 Am. St. Rep. 145.

The only evidence of what transpired at the time when the purchase of the property was actually made and the deed executed was, that of plaintiff and one D. K. Zumwalt, who negotiated the sale. Their testimony on all essential points is radically in conflict. The plaintiff testified that he spoke to his wife about purchasing the property, and they put in a bid for it with Mr. Zumwalt, the agent; that he did not remember what conversation he had with the latter about drawing the conveyance, but "might have said to him that 'I wanted that property for her as a home, or something of that kind,'" but that in fact he objected to her taking the deed in her name, and consented only because she wished it, and promised him that he should have the control over it.

The witness Zumwalt testified that Mrs. Arkle signed a bid for the property, paid the money, and that plaintiff instructed him to have it conveyed to her as her separate property, and it was so conveyed.

If this was the only evidence in the case, yet, as it is conflicting, that fact precludes us from reviewing the finding based upon it. But, while it is all the evidence relating to what transpired at the time the purchase was actually made, there is additional evidence in the record which throws light upon the transaction and supports the claim that plaintiff intended to, and did, have the conveyance of the premises made to his wife as her separate property. His conduct and declarations at the times when the subject of ownership of the property arose confirm this view. It was shown that he repeatedly stated that the property belonged to his wife; he knew she claimed it as her own, and received the rents thereof; that when endeavoring to obtain a loan he asserted he had no interest in it, and that it belonged entirely to her; and he placed the homestead on it because she threatened to give a portion of the lot to her parents, and he thereby intended to hamper her in making such transfer; he knew prior to her death that his wife had made a will disposing of it in favor of their daughter, and during the settlement of the estate told the attorney who had the matter in charge that he waived any homestead claim and wanted the property to go to defendant, and he knew it was distributed accordingly. These are about all the pertinent facts of the case, and, with-

out commenting on them, because they speak for themselves, we are satisfied the court was warranted in finding from them that the conveyance of the property was intended as a gift to the wife, and operated to vest it in her as her separate property.. (*Higgins* v. *Higgins,* 46 Cal. 261; *Heney* v. *Pesoli,* 109 Cal. 60.)

It being her separate property, the attempt of the husband to declare it a homestead, without her consent, was void (Civ. Code, sec. 1239), and by the will and under the decree of distribution in the estate of Anna L. Arkle, deceased, the title to the premises passed to the defendant.

There is no other point in the case which merits attention,. and the order denying plaintiff's motion for a new trial is affirmed.

McFarland, J., and Henshaw, J., concurred.