J. FRED SCHUKNECHT

*v.*

ROBERT SCHULTZ, Exr. *et al.*

*Opinion filed October 24, 1904.*

1. WILLS—*when persons born after testator's death will take.* If a will carves out a particular estate which is to intervene between the death of the testator and the period of distribution of an estate devised to a class, all persons belonging to that class when the estate is divided, even those born after testator's death, will take.

2. SAME—*devise is void if perpetuity may possibly arise.* If there is a possibility that a violation of the rule against perpetuities can happen in the execution of a devise the devise must be held void, and the court must enforce the rule and not destroy it by adverse construction.

3. SAME—*when devise violates rule against perpetuities.* A devise of property to the testator's son until the testator's youngest grandchild shall be twenty-five years old, when it shall be divided equally among the grandchildren, is void, as creating a possible violation of the rule against perpetuities.

4. SAME—*when doctrine of estoppel by election does not apply.* The fact that the testator's son is a beneficiary under the will does not preclude him from filing a bill to have certain clauses of the will declared void as in violation of the rule against perpetuities.

APPEAL from the Circuit Court of Kane county; the Hon. H. B. WILLIS, Judge, presiding.

This is a bill filed by the appellant in the circuit court of Kane county, by which he seeks to have declared void the third and fourth clauses of his father's will, on the ground that they violate the rule against perpetuities.

The testator, John J. Schuknecht, died in 1898, leaving the complainant, his only son, and three grandchildren, sons of the complainant. The clauses of the will important to be considered in the decision of the case are as follows:

"*Second*—I desire that my son, J. Fred Schuknecht, shall have the use of my store building on Main street, West Dundee, during his life. It shall then be sold and divided among my grandchildren, equally.

"*Third*—I desire that my son, J. Fred Schuknecht, shall have the use of the money for which I hold three promissory notes against him for the sum of $3612, until my youngest grandchild shall have reached the age of twenty-five years. It is then to be divided equally among my said grandchildren.

"*Fourth*—I desire that my homestead in West Dundee be rented for the benefit of my son, J. Fred Schuknecht, until my youngest grandchild be twenty-five years old. It shall then be sold and divided equally among my grandchildren.

"*Fifth*—I give and bequeath all of the residue of my personal property, of what nature soever, to my son, J. Fred Schuknecht."

Upon the probate of the will Robert Schultz was duly appointed executor thereof, and he and said grandchildren were made parties defendant to the bill. The executor, and one of the grandchildren, Henry, (being an adult,) answered the bill, and a guardian *ad litem* was appointed for the other two, who were minors.

It is claimed by the bill that under the third and fourth clauses all grandchildren of the testator living at the death of appellant would be permitted to participate in the distribution, and therefore it is possible that grandchildren may yet be born who would not have arrived at the age of twenty-five years within the period of twenty-one years from the death of appellant, and that such possibility makes the provisions of these two clauses void for remoteness. It is also alleged in the bill that the executor claims the right to hold all of said property in trust, for the use and benefit of the children of the complainant, and that such claim under the will constitutes a cloud upon the complainant's title. The answer of the executor denies the allegations of the bill as to the construction sought to be placed upon the third and fourth clauses, and claims the right to hold the property therein mentioned for the benefit of the grandchildren. Upon the hearing the chancellor found the equities against the complainant and that he was not entitled to the relief prayed by

his bill, and ordered and decreed that the same be dismissed for want of equity. To reverse that decree this appeal is prosecuted.

D. B. SHERWOOD, for appellant.

CHARLES WHEATON, and W. G. SUTFIN, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

No question was raised in the court below as to its jurisdiction of the subject matter of the action, nor is any such question raised here. Waiving that question, we are of the opinion that the dismissal of the bill for want of equity was erroneous.

In the construction of a will it is the duty of the court to ascertain, as nearly as possible, the intention of the testator as disclosed by the instrument, and to give it that construction which will carry such intention into effect. It is, of course, true that the will cannot carry into effect an intention of the testator in violation of law, and if the provisions of the will in question violate the rule against perpetuities they must be declared void, it being the duty of the court to enforce the rule and not destroy it by adverse construction. (*Schaefer* v. *Schaefer,* 141 Ill. 337.) Where a will is susceptible of either of two constructions without doing violence to the intention of the testator as disclosed by the instrument, one of which would render it void and the other valid, that construction must be adopted which will enforce it, and not that which would defeat its operation. (29 Am. & Eng. Ency. of Law, 353; *Chapman* v. *Cheney,* 191 Ill. 574.) The language of the testator in the third and fourth clauses of this will fails to clearly express his purpose. They provide that the property is to be equally divided among his grandchildren when the youngest shall have reached the age of twenty-five years, but whether the distribution shall be among the three grandchildren then living or among all his

grandchildren living at the death of the son is not stated, and his intention in that regard can only be determined by applying the rules of construction recognized and adopted in similar cases.

The rule prohibiting perpetuities requires that the absolute ownership of property must vest in some one within the period of a life or lives in being and twenty-one years and nine months thereafter. No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years—and the period of gestation—after some life in being at the creation of the interest. Where the possibility exists that the fee would not vest within the limit fixed by the rule, the devise is void for remoteness. In other words, if there is a possibility that a violation of the rule can happen, then the devise must be held void. (*Owsley* v. *Harrison,* 190 Ill. 235; *Lawrence* v. *Smith,* 163 id. 149; *Eldred* v. *Meek,* 183 id. 26.) If it was the intention of the testator that only the three grandchildren living at his death should share in the distribution the rule would not be violated, but if after-born grandchildren are entitled to participate therein, then the possibility exists that the birth of a grandchild may occur who would not have arrived at the age of twenty-five years within the required period,—*i. e.,* the death of the son,—and that possibility would make the third and fourth clauses void. The gift in both of these clauses is to the grandchildren as a class, and not as individuals.

It is a settled rule of construction that where there is a devise to a class of persons, as to the grandchildren of A, and the estate is to come into possession of the devisees immediately upon the death of the testator, those persons of the class who are in being at the death of the testator will take the devise to the exclusion of those afterwards born; but if the will carves out a particular estate, which is to intervene between the death of the testator and the period of distribution of the estate devised to the class, then all persons belonging

to such class at the time when the estate is divided are included,—even those born after the death of the testator. The case of *Handberry* v. *Doolittle,* 38 Ill. 202, is an early case on the subject in this court. There the language of the devise was, to "the children of my brother, Rawley S. Doolittle," with the provision: "And I do further will and declare that Rawley S. Doolittle, my brother, shall have uncontrolled and absolute management and disposal of all such part of my estate his said children at my decease shall become entitled to, until the youngest of said children shall become of full age, to use said means at his discretion, without having to account to any person or persons, in court or courts whatsoever, as to his application thereof." At the time of making that will Rawley S. Doolittle had two daughters born by his first wife. He afterwards re-married and by his second wife had a third child. In 1856, prior to the birth of the last child, there was a partition between the three devisees then claiming under the will. In 1864 Rawley S. Doolittle died, and thereupon the third child filed a petition for a partition of the tract of land which had been set off to his half-sisters, and a decree was rendered in his favor. A writ of error was prosecuted to this court, and in the decision of the case we said (p. 206) : "It is a well settled rule in the construction of wills, that where there is a devise to a class of persons, as to the children or issue of A, and the estate is to come into possession of the devisees immediately upon the death of the testator, those persons of the class who are in being at the death of the testator will take the devise to the exclusion of those thereafter born ; but if the will carves out a particular estate which intervenes between the death of the testator and the period of distribution of the estate devised to the class, then all persons belonging to such class at the time when the estate is divided are included, though born after the death of the testator." That rule has been followed in the cases of *Ridgeway* v. *Underwood,* 67 Ill. 419, *Blatchford* v. *Newberry,* 99 id. 11, and *Mather* v. *Mather,* 103 id.

607. In the case at bar, the bequest or devise to the grand-children by the third and fourth clauses was preceded by an interest in the son, the appellant, and the period of final distribution was fixed at the time when the youngest grandchild should become twenty-five years of age. Therefore, if the intention had been to give the three living grandchildren a present vested interest in the property therein mentioned, the testator would presumably not have limited the estate to take effect when the youngest grandchild should reach the age of twenty-five years. It was the expressed intention that the grandchildren were not to take the property upon the death of their father, or at any other period before the youngest grandchild should become twenty-five years of age, and therefore the gift and enjoyment were to take effect at the same time. Applying the settled rules of construction to the clauses in question, it being possible that grandchildren may yet be born who would not have arrived at the age of twenty-five years within the period limited, those clauses must be held void for remoteness.

But it is insisted by counsel for appellees, that as appellant has taken a beneficial interest under the will he is bound to confirm and ratify every other part of the will, or, in other words, that a person is not permitted to take any beneficial interest under a will and at the same time set up any right or claim of his own, even if otherwise legal or well founded, which will defeat or in any way prevent the full effect and operation of every part of the will, and in support of the contention many cases are cited. These cases are founded upon the doctrine of election and have no application to the facts of this case. Where a devisee or legatee takes something under the will to which he would not be otherwise entitled, and at the same time seeks to hold property disposed of by the will to which he would be entitled if there had been no will, the doctrine of election applies. But that is not this case. Here the contention of complainant below is, that the third and fourth clauses of the will are illegal and void.

Those clauses, being invalid, must be treated as though never made and constituting no part of the will.

The circuit court erred in dismissing the bill for want of equity, and its decree is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*