### ESTATE OF JOHN FAY, DECEASED.

[No. 26,323; decided July 31, 1905.]

Community Property.—The Declarations of a Person Since Deceased are admissible to show that his estate is community property.

Community Property—Intermingling of Funds.—Separate property intermingled with community property so that its identity is lost becomes itself a part of the community estate.

Trust—When Expires—Parol Evidence.—The trust in this case expired twenty-five years after the execution of the will, which bears date May 25, 1859. This being the plain language of the will, it cannot be changed by parol evidence.

Trust—When Void as Creating Perpetuity.—The trust which the testator attempted to create in this case is void as offending the rule against perpetuity.

Will—When Void for Uncertainty.—If the intent of a testator in reference to a particular gift cannot be deduced from the face of the will, the gift fails and there is a partial intestacy as to the subject matter thereof.

Bart Burke, for the petitioner.

Louis S. Beedy, for the opponents.

COFFEY, J.   There are two questions to be determined on this application: 1. Is the property of the estate community or separate property?   2. Is the trust clause "6" of the will valid or invalid?

1. Petitioner refers to the testimony of Edward M. Buckley and his wife, Mrs. Buckley, who each testify as to the declarations of John Fay, deceased, made as late as 1900—to the effect that all his estate was community property.

Such was also the testimony of Mary Waller, John Fay and Luke Fay.

The declarations of deceased properly admitted to show the fact, and that property was a gift: Arkle v. Beadie, 141 Cal. 461, 74 Pac. 1033; Higgins v. Higgins, 46 Cal. 263; Read v. Rahm, 65 Cal. 344, 4 Pac. 111; Tillaux v. Tillaux, 115 Cal. 672, 47 Pac. 691; Kaltschmidt v. Weber, 145 Cal. 596, 79 Pac. 272.

The only property owned by John Fay at the time of his marriage was the one-half of lot 693 on Chestnut street upon which the soap factory was located. His marriage occurred on May 7, 1860. On June 19, 1866, he became financially embarrassed and transferred his property to David Fay for ten thousand dollars ($10,000)—deed read in evidence. On the same day, David Fay transferred the same by deed of gift to Bridget M. Fay as her separate property. Thereafter, on March 2, 1870, a deed was made by John Fay and Bridget M. Fay to David Fay for the same property. The same day David Fay conveyed the property to John Fay for $10,000.

When Bridget M. Fay made the deed dated March 2, 1870, it was agreed by all the parties that the property was to be community property. Such also is the presumption of law.

Luke testifies as to the declarations and agreement of the parties when the deeds were made.

The following is the law controlling this state of facts: "All property acquired after marriage by either husband or wife not included in the statutory exceptions is presumed to be community property, and whether it has undergone changed conditions or not, the burden of proof is upon the party claiming it to be separate property, to establish that fact by clear and convincing evidence, and the separate property must be clearly traced and located, by plain and connected channels, and not by way of surmise and probabilities": Civ. Code, sec. 164; Rowe v. Hibernia etc. Loan Soc., 134 Cal. 403, 66 Pac. 569; Fennell v. Drinkhouse, 131 Cal. 448, 82 Am. St. Rep. 361, 63 Pac. 734.

Money deposited in bank by wife after marriage held presumed community property: In re Boody, 113 Cal. 682, 45 Pac. 858.

The declarations of husband and wife may be received when made in the presence of each other to show an agreement between them that the property is separate or community property as the case may be: Hoeck v. Grief, 142 Cal. 119, 75 Pac. 670.

Rule: "When the separate property or funds of either spouse is intermixed or commingled with community property, so that the separate property has lost its identity and cannot clearly be traced or segregated, the community, being the paramount estate, draws the whole mass to it, and it becomes community property": Ballinger on Community Property, secs. 44, 64, 68.

"The general rule laid down is, that such confusion works a forfeiture of the separate character of the property so commingled": Ballinger on Community Property, secs. 44, 64, 68.

Money advanced by a third party for the purchase of land by the husband is community property in the hands of the husband: Perry v. Ross, 104 Cal. 15, 43 Am. St. Rep. 66, 37 Pac. 757.

The evidence fails to trace any separate funds of John Fay into any piece of his property, except the factory lot and that, as we have shown, afterward became community property by the transfers and agreement of the parties above mentioned, so that the testimony produced by deposition, if admissible, which it was not, is ineffective to show the funds therein mentioned to have been invested in any part of the property belonging to the estate, and nearly the whole of the amounts mentioned therein was stated to have been received prior to the deed of gift above referred to, and consequently cannot avail contestants. So that in whatever phase the matter presents itself, the entire estate is shown to be community property.

The trust clause "6" of the will is as follows:

"I will all my separate property and all my share of the community property of every description, name and nature, both real and personal to my brother, David Fay, and my son, John Fay, IN TRUST for the benefit of my three children, Luke Fay, Mary Montealegre and John Fay.

"The said David Fay and John Fay or either of them to hold and manage said property for the space of twenty-five years from this date; they shall keep the property in repair, pay all expenses and divide the *income* from said property monthly or quarterly between my children Luke, May and John or their children if they should have any if either of my children should Die without Lawful children of their body then the survivor shall inherit their share should all of my children die Before the expiration of this trust *without* Lawful children it is my wish that my sister Mary J. Scott or Her children should Inherit or have all of my share ·of the Estate, David Fay or my son John Fay will Act or Manage the ˬproperty without giving Bonds.

"JOHN FAY."

The trust, if valid, expired twenty-five years after date of will, and the will bears date May 25, 1859. This is the plain language of the will and cannot be changed by parol evidence: Civ. Code, sec. 1318; Estate of Young, 123 Cal. 337, 55 Pac. 1011; Randolph on Commercial Paper, sec. 77, and cases cited.

2. "It is the duty of the court on distribution to give effect to the legal devises and bequests of the testator, and it could· not even with the consent of the parties declare valid trusts such as are opposed to the express mandate and policy of the law": In re Walkerly, 108 Cal. 659, 49 Am. St. Rep. 97, 41 Pac. 772, and cases cited.

As to the intent of the testator, see In re Walkerly, 108 Cal. 652, 659, 660.

Such trust is void as to real and personal property: In re Walkerly, 108 Cal. 656; although in some states held otherwise: In re Walkerly, 108 Cal., see pp. 646 to 651, discussion by the court.

The trusts are void as suspending the absolute power of alienation for a period of years prohibited by the code: Civ. Code, secs. 679, 715, 716, 749, 889; Chaplin on Suspension of Alienation, secs. 64, 123; Hone v. Van Schaick, 20 Wend. 566; Barnum v. Barnum, 26 Md. 119; 90 Am. Dec. 88; Haynes v. Sherman, 117 N. Y. 433, 439, 22 N. E. 938; Garvey v. McDevitt, 72 N. Y. 562; Henderson v. Henderson, 46 Hun, 509; Underwood v. Curtis, 127 N. Y. 541, 28 N. E. 585;

Rice v. Barrett, 102 N. Y. 164, 6 N. E. 898; Cruickshank v. Horne etc., 113 N. Y. 351, 21 N. E. 64, 4 L. R. A. 140; Hawley v. James, 16 Wend. 123, 134, 172; Schettler v. Smith, 41 N. Y. 328; Coster v. Lorrillard, 14 Wend. 265 (as to alienation); Whitney v. Dodge, 119 Cal. 192, 196, 197, 38 Pac. 636; Crew v. Pratt, 119 Cal. 139, 51 Pac. 38; Estate of Cavarly, 119 Cal. 406, 51 Pac. 629.

"When the vesting of an estate devised may be postponed during the life of a person not in being at the death of a testator, such postponement is a violation of the rule against perpetuities, and renders the devise void": Owlsley v. Harrison, 190 Ill. 235, 60 N. E. 89; Eldred v. Meek, 183 Ill. 26, 75 Am. St. Rep. 86, 55 N. E. 536; Schuknecht v. Schultz, 212 Ill. 43, 72 N. E. 37.

"No interest subject to a condition precedent is good unless the conditions must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest": Gray on Perpetuities, sec. 201; Lawrence v. Smith, 163 Ill. 149, 45 N. E. 262; Howe v. Howe, 152 Ill. 252, 38 N. E. 1083.

"It is not enough that a contingent event may happen, or even that it will probably happen, within the limits of the rule against perpetuities; if it can possibly happen beyond those limits, an interest conditioned on it is too remote": See In re Winter, 114 Cal. 186, 45 Pac. 1063; Estate of Steele, 124 Cal. 537, 57 Pac. 564; Gray on Perpetuities, secs. 214, 369.

"It is the duty of courts to give the rule against perpetuities effect, and not destroy its efficacy by adverse construction": See In re Winter, 114 Cal. 186, 45 Pac. 1063; Lawrence v. Smith, 163 Ill. 149, 45 N. E. 262; Coggins' Appeal, 124 Pa. 1036, 10 Am. St. Rep. 565, 16 Atl. 579; Post v. Rohrbock, 142 Ill. 600, 32 N. E. 687; Schuknecht v. Schultz, 212 Ill. 43, 72 N. E. 37.

"Testator left a son and three grandchildren, sons of the son, and a clause of the will gave the son property until testator's youngest grandson should attain the age of twenty-five, when it was to be divided among the grandchildren. Held, that the will was void for remoteness, as not being clearly limited to the grandchildren then living": Schuknecht v. Schultz, 212 Ill. 43, 72 N. E. 37. See, also, this case as to when limitation takes effect, page 39, and who are in-

cluded in the class. If particular estate intervenes, etc., then all who answer to the class at termination of such estate are included.

"A trust attempted to be created by will for the use of a man and his children is invalid as contravening the rule against perpetuities, unless it appears from the context that only those children actually in esse at the death of the testator are intended to share in the benefit": Towle v. Doe, 97 Me. 427, 54 Atl. 1072.

The will is void for uncertainty: Civ. Code, sec. 1318; Estate of Young, 123 Cal. 341, 55 Pac. 1011.

"If the intent of the testator in reference to a particular bequest or devise cannot be deduced from the face of the will, the bequest or devise fails, and there is a partial intestacy, as to the subject matter thereof."

If the legal effect of a testator's expressed intent is intestacy, it will be presumed he designed that result.

"It is never at liberty [the court] to supply omissions or to wrest language from its plain import, and give it such a meaning as it may be guessed the testatrix would have intended if she had known that her own efforts to create a legal devise had resulted in failure": In re Walkerly, 108 Cal. 659, 49 Am. St. Rep. 97, 41 Pac. 772; Estate of Young, 123 Cal. 343, 344, 55 Pac. 1011.

Finally, clause "6," if valid, devises a fee to Luke and John in the first part of the clause with merely precatory words expressive of the wishes of the testator that in a certain contingency, "it is my wish" that my sister Mary J. Scott, or her children should inherit or have all my share of the estate: Snodgrass v. Brandenburg, 164 Ind. 59, 71 N. E. 137, 72 N. E. 1030, and cases cited.

The application of the executor is granted.

---

What is Community Property is the subject of a note to Estate of Foster, 4 Cof. Pro. Dec.