JOHN L. ELDRED, Exr. *et al.*

*v.*

ELLA MEEK.

*Opinion filed October 25, 1899—Rehearing denied December 18, 1899.*

1. TRUSTS—*when duties imposed on trustee by will are active.* Duties imposed upon a testamentary trustee are active, and authorize a court of chancery to direct and control the manner of their execution, where he is authorized to rent lands, invest personalty, pay taxes, re-build, insure and repair buildings, and apply the balance of the proceeds to the needs of beneficiaries under the will.

2. WILLS—*testator's intention is arrived at by considering entire will.* The intention of a testator is to be arrived at, not by considering portions of the will, but by an examination of the entire will or the system of bequest, giving due consideration to each part.

3. SAME—*will construed as not passing a vested interest.* Grandchildren do not take a vested interest under the terms of a will directing the payment of personalty and the conveyance of real estate to them upon their attaining the age of twenty-five years, when it is further provided that upon the death of either grandchild before such time his estate shall pass to his legitimate children, if any, upon their attaining the age of twenty-five, otherwise to the surviving grandchild.

4. PERPETUITIES—*when terms of will create a perpetuity.* A perpetuity is created by the terms of a will directing the payment of personalty and the conveyance of real estate to grandchildren in being upon their attaining the age of twenty-five, where it is further provided in a subsequent clause that in case either grandchild die before reaching such age his share shall be divided among his children, if any, upon their attaining the age of twenty-five.

5. SAME—*provisions dependent on clause void for perpetuity fall with it.* A testamentary provision disposing of an estate upon contingencies which may not happen within the life or lives of persons in being and twenty-one years thereafter offends the rule against perpetuities and is void, and all provisions so connected with it as to constitute an entire scheme must be held illegal and fall with it.

CARTWRIGHT, C. J., dissenting.

APPEAL from the Circuit Court of Greene county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

The controversy in this case grows out of a bill filed by Ella Meek to construe the will of her mother, Mary Brace, who died leaving the complainant as her only

child, and Alva B., Charles and Wilbur Meek, complainant's children and decedent's grandchildren, who at the time of decedent's death were, respectively, twelve, seven and four years of age.    The will is as follows:

"I, Mary Brace, of the city of Carrollton, county of Greene and State of Illinois, sixty-three years of age, sound in mind and of disposing memory, do hereby revoke such former wills as I may have made, and make, declare and publish this instrument as my last will and testament:

"*Item first*—All of my estate, real and personal, of whatever nature or kind, I give, bequeath and devise unto John L. Eldred, the executor of this my last will and testament, as herein below nominated and appointed, his successor, etc., forever, but in trust, nevertheless, for the full performance of this said instrument at my decease, concerning the foregoing estate.    That is to say:

"(1) To pay my funeral expenses and others of my legal debts.

"(2) To give, transfer and deliver to my daughter, Ella Meek, an equal one-fourth ($\frac{1}{4}$) part of my personal estate.

"(3) To give, transfer and deliver to each of my grandchildren, Alva B. Meek, Charles T. Meek and Wilbur Meek, an equal one-fourth ($\frac{1}{4}$) part of my personal estate upon their becoming, respectively, twenty-five (25) years of age.

"(4) To execute and deliver a good and sufficient deed, in fee simple, to said Alva B. Meek as soon as he shall become twenty-five (25) years of age, conveying to him all that part of the east half of the north-west quarter of section twenty-two (22) lying north of the public road that leads west from the north side of the public square of the foregoing city of Carrollton, together with that part of the south-east quarter of the south-west quarter of section 15 as joins on the north and enclosed with said east half, except a strip of land some one hundred feet

off of the west side of said part of said east half occupied as a road, all in township 10, north, range 12, west of. the third principal meridian, situated in the county of Greene, aforesaid.

"(5) To execute and deliver a good and sufficient deed, in fee simple, to said Charles T. Meek upon his becoming twenty-five (25) years of age, conveying to him all that part of the east half of the north-west quarter of section twenty-two (22) lying south of the foregoing public road, in township ten (10), north, range twelve (12), west of the third principal meridian, together with lot No. one (1) in Rainey's second addition in the town (now city) of Carrollton, all situated in said county of Greene.

"(6) To execute and deliver a good and sufficient deed, in fee simple, to said Wilbur Meek upon his becoming twenty-five (25) years of age, conveying to him the north-west quarter of the north-west quarter of section thirteen (13), township ten (10), north, range twelve (12), west of the third principal meridian, together with the undivided one-half ($\frac{1}{2}$) interest of twenty-seven (27) feet off of the east side of lot No. twenty-one (21) in the city of Carrollton, as described in the original plat of the town of Carrollton, all situated in the county of Greene and State of Illinois.

"(7) In case of the death of said Ella Meek before I should die, my said executor shall give, transfer and deliver, in equal parts, my said daughter's bequest aforesaid to my said grandchildren upon their respectively becoming twenty-five (25) years of age.

"(8) In case of the death of any one of my said grandchildren without leaving a legitimate child or children, (then) my said executor shall give, transfer, etc., and deliver to the remaining live ones of said grandchildren upon their becoming twenty-five (25) years of age, respectively, an equal one-half part each that said deceased grandchild would have received under the will in case he had not died, etc.

"(9) In case any two of my said grandchildren shall die prior to or after my decease, and leaving no legitimate child or children, then, as soon as said live grandchild shall arrive at the age of twenty-five (25) years, (then) my said executor, etc., shall give, transfer, deed, etc., and deliver to said grandchild the whole of the estate or parts of which said deceased grandchildren would have been entitled under this will in case they had lived, etc.

"(10) In case any of my said grandchildren shall die before arriving at twenty-five (25) years of age, leaving legitimate child or children, then my said executor shall, upon said child or children becoming twenty-five years of age, respectively, give, transfer, deed, etc., and deliver to each child, or equally divide among said children, their said father's share which he would have received under this will in case he had lived, etc.

"(11) In case of the death of all my said grandchildren, and leaving no child or children, then my executor is to fully see and provide so that my daughter, Ella Meek, shall have a full and complete life estate in the whole of my estate, and at her death my said executor shall give, transfer and deliver to the Methodist Episcopal church (or whatsoever its name is or may be) of said city of Carrollton the sum of one thousand dollars ($1000), and the balance of my estate shall be equally divided, given, transferred, deeded, etc., and delivered, respectively, among the son and daughter of my brother, Henry Robley, and the children of my sister, Emily Twitchell, or their respective heirs, of the foregoing parties, etc., (of this eleventh division of my will).

"(12) That in deeding, etc., lands under this will, as aforesaid, my said executor shall adjust the difference out of my personal property in lands received by the grantee or grantees and those lands to be received by the others, etc.

"(13) Of such of my estate as shall be held in trust, as aforesaid, my said executor shall keep the lands duly rented, and the personal property, as near as may be, loaned at the highest legal rate of interest, and good and sufficiently secured by mortgages upon lands located in said county of Greene, and out of the proceeds of my said estate pay all legal taxes and assessments, and well repair the buildings, fences and other improvements of said property; also re-build any of same when for the best interest of said estate, and further keep fully insured the buildings of same. The balances of said proceeds to be equally applied in the necessary care, maintenance and education of those entitled to the actual benefit of the respective trusts under the terms and provisions of this will, etc. Such balances as may come to the said trustee he shall loan as aforesaid, and in time distribute under this instrument.

"*Item second*—I do hereby nominate and appoint John L. Eldred, of the city of Carrollton, county of Greene and State of Illinois, to be the executor of this my last will and testament.

"In witness whereof I have hereunto set my hand and seal, including the words 'and to my niece Julia Fain' erased, and the words 'personal,' 'and delivered,' '100' 'interest,' 'one,' 'life,' 'Henry,' 'and daughter,' 'located in,' 'legal,' 'equally,' added, this 15th day of December, in the year of our Lord one thousand eight hundred and ninety-six.                    MARY BRACE. (Seal.)"

The appellant John L. Eldred, together with the three grandchildren and others, were made parties defendant. Answers were filed by said Eldred, and also by the other defendants, and by the minor defendants, who enter by Henry T. Rainey, their guardian *ad litem.*

The decree of the circuit court finds that by the general scheme of the will of the testatrix, Mary Brace, the said testatrix did not intend by the third, fourth, fifth,

sixth, eighth and ninth clauses to vest the property therein devised and bequeathed, in the several devisees with the enjoyment postponed, but that the right to the property so devised was contingent upon their arriving at the age of twenty-five; that there was no antecedent or other gift to such devisees; that the seventh clause of the will is inoperative, Ella Meek having survived the testatrix; that by the third, fourth, fifth, sixth, eighth, ninth and tenth clauses of said will the property so devised might be taken out of commerce for a longer period than a life or lives in being and twenty-one years thereafter, and that the same are perpetuities, and are therefore void; that the eleventh, twelfth and thirteenth clauses are dependent for their validity upon the third, fourth, fifth, sixth, eighth, ninth and tenth clauses of the will as a part of the general scheme of the testatrix, and that she did not intend that they should be operative unless the last named clause should be operative also, and finds that they are void; that as to all the property of the testatrix to be devised by said will she died intestate, except as to the property bequeathed in the first and second clauses thereof, but as to said property in the first and second clauses she died testate; that by the several provisions of the will the trust attempted to be created was an active trust and that a court of equity will construe the will. It is therefore ordered that the third, fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth clauses of item 1 of the will of Mary Brace, deceased, and the probate thereof, be and the same are hereby set aside and vacated and declared to be wholly null and void and of no effect, and as to all the real estate owned by her, and as to all the personal property remaining after the payment of debts and costs of administration and the legacy mentioned in clause 2 of item 1, the said Mary Brace died intestate, and that Ella Meek, as the only heir-at-law of said Mary Brace, deceased, have and hold in fee all the real estate of

which the said Mary Brace died seized, and that said complainant, as said heir, take and hold all of the personal estate of said Mary Brace, deceased, mentioned in the third clause of item 1 of said will, and take the property mentioned in said second clause of item 1 as legatee; that John L. Eldred surrender possession of all the real estate to the complainant within thirty days from this date, and that he turn over to her all such personal estate mentioned in clauses 2 and 3 of item 1 of said will, in due course of administration. From this decree the appellant John L. Eldred, and the infant defendants, by their guardian *ad litem*, prosecute an appeal to this court.

The errors assigned on the record are to the effect—First, that the circuit court erred in finding that the will violated the rule against perpetuities; second, that by the third, fourth, fifth, sixth, eighth and ninth clauses the testatrix did not intend to devise property devised to the several devisees with the enjoyment postponed; third, in finding that the testatrix died intestate except as to the property decreed in the first and second clauses; fourth, in finding that the trust attempted to be created was an active trust, and not a naked trust or a passive trust; fifth, in holding that Ella Meek took and held as heir all the personal property mentioned in the third clause of item 1; sixth, in decreeing that John L. Eldred should surrender possession of the real estate held by him within thirty days from the date of the decree; and seventh, in holding that the circuit court had power to construe the will.

Henry T. Rainey, for appellants:

The contention of the appellee is, that on account of clause 10 of the will in question a perpetuity is created, which takes the subject matter out of commerce for a period of time greater than a life or lives in being and twenty-one years thereafter. Conceding all that can be claimed with reference to the tenth clause of the will, we

contend that the conditions provided for in the preceding clauses of said will are not repugnant to the rule, and should be enforced. A will speaks from the death of the testator. (Gray on Perpetuities, sec. 231, p. 163.

When a subsequent limitation is void by reason of its being impossible, repugnant or contrary to law, the estate becomes vested in the first taker, according to the terms in which it was granted or demised. *Howe* v. *Hodge*, 152 Ill. 279.

Where the devise over is made dependent upon the first devisee dying before he comes of age, or without issue, or any similar event, it is considered that the devise is equivalent to a provision that the first donee shall take an immediate vested interest, liable to be defeated by the happening of the contingency named, or if it do not happen, the estate then to become absolute and indefeasible. 2 Redfield on Wills, sec. 18, p. 224.

Although a subsequent modifying clause is void the prior devise may be good. 1 Jarman on Wills, 297; *Illinois Land and Loan Co.* v. *Bonner*, 75 Ill. 315; *Lunt* v. *Lunt*, 108 id. 314.

Where a limitation over is bad for remoteness, the modifying clause is disregarded and the donee takes the absolute interest. Gray on Perpetuities, sec. 233, p. 166.

Frank A. Whiteside, for appellee:

No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest. *Bigelow* v. *Cady*, 171 Ill. 229; *Madison* v. *Larmon*, 170 id. 65; *Lawrence* v. *Smith*, 163 id. 149; *Howe* v. *Hodge*, 152 id. 252; *Rhoads* v. *Rhoads*, 43 id. 239; *Lunt* v. *Lunt*, 108 id. 307; *Waldo* v. *Cummings*, 45 id. 421; *Hart* v. *Seymour*, 147 id. 598.

The violation of the rule against perpetuities will not be tolerated when the property is covered by a trust, any more than when such violation appears in the creation of

183—3

a legal estate. *Bigelow* v. *Cady*, 171 Ill. 229; *Howe* v. *Hodge*, 152 id. 252; *Barnum* v. *Barnum*, 26 Md. 119; *In re Walkerly*, 108 Cal. 627; *Croggin's Appeal*, 124 Pa. St. 10; *Humberson* v. *Humberson*, 1 P. Wms. 332; *Parfitt* v. *Hember*, L. R. 4 Eq. 443; *Norfolk's case*, 1 Vern. 164; Perry on Trusts, sec. 382.

Where the only gift is in the direction to pay or distribute at a future age, the case is not to be ranked with those in which the payment or distribution, only, is deferred, but is one in which time is of the essence of the gift. 1 Jarman on Wills, 797; *Leake* v. *Robinson*, 2 Mer. 363; *Blatchford* v. *Newberry*, 99 Ill. 45.

In regard to the vesting of personal legacies, if there is no independent bequest, but only a direction to pay at a future time or upon the happening of a certain event, the vesting will be postponed until the event has occurred or the time arrived. *Knight* v. *Pottgieser*, 176 Ill. 373; *McCartney* v. *Osburn*, 118 id. 403; *Ducker* v. *Burnham*, 146 id. 9; *Chapin* v. *Crow*, 147 id. 219.

Where the attainment of a certain age forms part of the original description of the devisee, the vesting is suspended until the attainment of that age, even though the limitation over is only to take effect in case of his death under that age without issue. Smith on Executory Interests, sec. 366; *Leake* v. *Robinson*, 2 Mer. 363; *Davenport* v. *Harris*, 3 Grant's Cas. 164; *Seibert's Appeal*, 13 Pa. St. 501; *Bull* v. *Pitchard*, 1 Russ. 213; *Hunter* v. *Judd*, 4 Sim. 455; *Judd* v. *Judd*, 3 id. 525; *Ring* v. *Hardwick*, 2 Beav. 352; *Pickford* v. *Brown*, 2 K. & J. 426.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

We shall consider the fourth and seventh assignments of error above first. Appellants contend that the circuit court had no power to grant the relief asked in the bill even if the contentions in the bill were well founded, and insist that the controversy involves only legal titles, and hence only legal remedies can be invoked; that by the

will the trustee is clothed with only naked power to execute deeds under certain contingencies, and that if he failed to execute them the law would unite the use and the trust, and that as the bill seeks no other relief than that the will be construed the bill should have been dismissed. The recent cases of *Harrison* v. *Owsley*, 172 Ill. 629, and *Minkler* v. *Simons*, id. 323, are cited as conclusive of this contention. We do not concur in this view. Appellants seem to overlook the thirteenth clause of the will, which directs that the executor (trustee) shall keep the lands rented and the personal property lent at the highest legal rate of interest and well secured upon farm mortgages; that he shall pay legal taxes and assessments, repair buildings, etc., and re-build when for the best interest of the estate, and keep the buildings insured, and that he apply the balance of the proceeds equally in the "necessary care, maintenance and education of those entitled to the actual benefit of the respective trusts under the terms and provisions of the will." The duties imposed upon the trustee are more than passive. They are active duties, vesting and holding the title in him pending the period mentioned, and constitute him more than a mere naked trustee, and hence would authorize a court of chancery to direct and control the mode and manner of execution. *Steib* v. *Whitehead*, 111 Ill. 247; *Minkler* v. *Simons*, *supra; Knox* v. *Jones*, 47 N. Y. 389.

On an examination of the will above, the first question for consideration is, what is the nature of the estate given to the grandchildren? Appellants contend that under the provisions of the will they take a vested interest, with the enjoyment, only, postponed.

The tendency of courts is to consider limitations as vested. Gray on Perpetuitics, sec. 673, p. 402.) "The event upon which a contingent remainder is limited may happen and the contingent become a vested remainder, but not to be enjoyed in possession until some fixed time or until the dropping out of an existing estate for life.

There is a difference between 'vesting' and 'the enjoyment of possession,' and it is sufficient if the contingent becomes a vested remainder within the time limited by the rule against perpetuities, although the enjoyment may be postponed beyond such time." *Madison* v. *Larmon*, 170 Ill. 65.

In *Knight* v. *Pottgieser*, 176 Ill. 368, we held that an immediate right of present enjoyment is not essential to a vested remainder; that it is sufficient if there is a present vested right to future enjoyment; that the vesting of a gift in remainder will not be postponed, but will vest at once, the right of enjoyment, only, being deferred; that the principle which applies to and controls the vesting of bequests of personal property is, in general, equally applicable to devises of real estate.

"If a remainder is vested,—that is, if it is ready to take effect whenever and however the particular estate determines,—it is immaterial that the particular estate is determinable by a contingency which may fall beyond a life or lives in being. For instance, if an estate is given to the unborn child of A until he dies or changes his name, and to B and his heirs, B has a vested remainder, for he will take the estate whether the child dies or changes his name, although the contingent determination of the estate before the child's death depends upon an event which may not take place until beyond the limits prescribed by the rule against perpetuities. And it makes no difference whether the provision for termination be expressed in the form of a condition or a limitation. So a remainder to a person ascertained and his heirs after a term of years, however long the term or whatever be the conditions to which the term is subject, is not too remote." Gray on Perpetuities, sec. 209.

"It is a general rule in regard to vesting of personal legacies, that if there is no independent bequest, but only a direction to pay at a future time or upon the happening of a certain event, the vesting will be postponed un-

til the event has occurred or the time arrived.   But the
general rule is subject to an exception so well established
and universally recognized as to practically constitute an-
other general rule, which is: though a gift arises wholly
out of directions to pay or distribute *in futuro*, yet if such
payment or distribution is not deferred for reasons per-
sonal to the legatee, but merely because the testator de-
sired to appropriate the subject matter of the legacy to
the use and benefit of another for and during the life of
such other, the vesting of the gift in remainder will not
be postponed, but will vest at once, the right of enjoy-
ment, only, being deferred. (*Scofield* v. *Olcott*, 120 Ill. 362;
*Carper* v. *Crowl*, 149 id. 465.)  The principles which apply
to and control vesting of bequests of personal property
are in general equally applicable to devises of real es-
tate."   *Knight* v. *Pottgieser*, 176 Ill. 368.

A gift to a person if or when he shall attain a certain
age will not vest until that age is attained.   *Scofield* v.
*Olcott*, 120 Ill. 362; 2 Jarman on Wills, (R. & T.'s ed.) 458;
Theobald on Wills, 412; *In re Bennett's Trusts*, 3 K. & J.
280; *Johnson's Estate*, 185 Pa. St. 179.

"There is a distinction between a gift of a legacy to a
person to be paid to him at a future time, and a direction
to pay or transfer the legacy to him at a future time.   In
the former case the legacy is considered as vesting in
him immediately, but where the gift is merely by a direc-
tion to pay to him at a future time the legacy does not
vest forthwith.   Until the time arrives he has no vested
interest in the bequest." (*Scofield* v. *Olcott, supra; Jones*
v. *MacMilwain*, 1 Russ. 223; *Kingman* v. *Harmon*, 131 Ill.
171; *Illinois Land and Loan Co.* v. *Bonner*, 75 id. 315.)  Thus,
a direction to trustees to pay (transfer, deed, etc.,) to
certain devisees "when they should arrive at twenty-five
years of age," or "upon their becoming twenty-five years
of age," has been held to convey a contingent interest,
only. (*Leake* v. *Robinson*, 2 Mer. 363.)  In *Coggin's Appeal*,
124 Pa. 36, the court says: "In a doubtful case it would

be persuasive, but where the nature of the interest is clear it is entitled to but little weight.    There is abundant authority that where the attainment of a certain age forms part of the original description of the devisee, the vesting is suspended until the attainment of that age, even though the limitation over is only to take effect in case of his death under that age without issue."

Had the testatrix closed her will at the end of the seventh clause it might be held that a reasonable interpretation would be that the grandchildren take a vested interest; but the intention of a testator is to be arrived at, not by considering portions of the will, but by an examination of the entire will or the system of bequest, giving due consideration to each and every part thereof. Courts must construe a will according to its own terms. They cannot make a new will or build up a scheme for the purpose of carrying out what might be thought was or would be in accordance with the wishes of the testator.  (*Tilden* v. *Green*, 130 N. Y. 29; *Lawrence* v. *Smith*, 163 Ill. 149.)   It is true that parts of a will which are valid will be sustained though other parts are rejected as invalid, if no violence is done to the parts sustained. (*Lawrence* v. *Smith, supra;* Gray on Perpetuities, secs. 233, 423; *Howe* v. *Hodge*, 152 Ill. 252; 1 Jarman on Wills,—4th ed.— p. 297.)   But this rule should apply only when the first gift is absolute.   And bequests of a will valid in themselves will be rejected with the invalid ones where the retention of them would defeat the testator's wishes, as evidenced by the general scheme adopted, or where manifest injustice would result to the beneficiaries. *Lawrence* v. *Smith, supra.*

In the light of the above authorities an examination of the subsequent provisions of this will indicates to us clearly that the testatrix did not intend that the grandchildren should take a vested interest.   By the eighth and ninth clauses it is provided that if one or both grandchildren should die without leaving legitimate child or

children, his or their estate shall be paid to the survivor
or survivors upon reaching the age of twenty-five years.
By the tenth clause it is provided that if any grandchild
shall die before arriving at twenty-five years of age,
leaving legitimate child or children, then the executor
shall, upon said child or children becoming twenty-five
years of age, respectively, give, transfer and deliver to
said child, or equally divide among said children, their
said father's share which he would have received under
the will in case he had lived. If any effect is to be given
to these clauses whatever, they mean that the right of
either of the three grandchildren to enjoy the property
devised to them, respectively, is contingent upon their
reaching the age of twenty-five years, and that failing
to do so but leaving issue, their respective issue shall not
enjoy the property until they shall arrive at the age of
twenty-five years. These clauses, taken together, com-
prise one entire clear and distinct scheme of devise, and
it were to do violence to the will to reject any one of them
in the construction of the others. The eleventh, twelfth
and thirteenth clauses of item 2 strengthen the views we
have above expressed.

In *Lawrence* v. *Smith*, above cited, this court said: "We
see no way by which a division of the trust created by
this will can be made, and part held valid and the rest
invalid, without doing violence to the intention of the
testator. It is all one entire scheme, and although the
trust is an instrument to effect the beneficial purpose
of the testator, it is made the most prominent feature
of the will." See, also, *Post* v. *Rohrbach*, 142 Ill. 600.

In *Tilden* v. *Green*, 130 N. Y. 29, the court, after review-
ing a number of authorities, say: "The rule as applied in
all reported cases recognizes this limitation: that when
some of the trusts in a will are legal and some illegal,
if they are so connected together as to constitute an en-
tire scheme, so that the presumed wishes of the testator
would be defeated if one portion was retained and other

portions rejected,   *   *   *   then all the trusts must be construed together and all must be held illegal and must fall."

In *Matter of Will of Butterfield,* 133 N. Y. 473, the court, while holding that a valid testamentary trust may be relieved from the peril of some unlawful incident or limitation by disregarding it, say: "This can only be done where the vicious provision is clearly separable from the valid demise or trust, and may be disregarded without maiming the general frame of the will or the testator's substantial and dominant purpose."

In *Johnson's Estate,* 185 Pa. St. 179, a testator devised his real estate to his executors in trust for the period of seventy-five years, giving to the executors power in the management of the estate, and directing them to pay all charges against the land, and all legacies, out of the rents and profits. After all the charges and legacies were paid out of the rents he directed his children to select a trustee, and directed that such trustee should collect the rents and profits of the land, and after paying for repairs and taxes should distribute the balance to his children and their legal descendants until the expiration of the seventy-five years, at the expiration of which time the trustee was authorized to sell the land, and the proceeds were to be distributed "to and among all my children, share and share alike, that may be then living, and the legal descendants of any of my said children that may be then dead, the legal descendants of such deceased child or children to take, however, only such share and portion of the said proceeds as their deceased parent would have taken if then living." It was held (1) that the particular devise—the term of seventy-five years given to the trustee—did not violate the rule against perpetuities; (2) that the gift of the ulterior estate in remainder was a future contingent interest repugnant to the rule against perpetuities, and therefore void for remoteness; (3) that as the testator's general scheme

was to keep his estate entire for an unlawful period, and as the particular estate was created for this purpose only, the particular estate must fall with the ulterior estate; (4) that the testator died intestate as to his real estate, which accordingly passed at his death to his heirs-at-law. The above rule has been applied in *Fosdick* v. *Fosdick*, 6 Allen, 48, and in *In re Walkerly*, 108 Cal. 627.

The rule being that if provisions of a testamentary character are such that under them a violation of the rule against perpetuities may possibly happen the devise is void, it is clear that the tenth provision of item 1 offends this rule, as providing for a disposition of the estate upon contingencies which may not happen within the life or lives of persons in being or twenty-one years thereafter, and it follows that all of item 1 of the will after the first and second clauses must be treated as void. Gray on Perpetuities, sec. 207; Jarman on Wills, p. 814.

We find no error in the decree of the circuit court of Greene county as rendered, and the same is affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE CARTWRIGHT, dissenting:

I do not concur in setting aside the entire will on account of the invalidity of the tenth clause, which is the only one violating the rule against perpetuities. The fourth, fifth and sixth clauses devise separate specific tracts of real estate upon contingencies which are lawful. The testatrix separated the gifts and the contingencies upon which they are limited, and the provisions of the will are independent of each other. The wishes of the testatrix should be sustained if possible, and in such a case there is no difficulty in upholding the valid provisions. Gray on Perpetuities, secs. 341-355; *Howe* v. *Hodge*, 152 Ill. 252; *Lawrence* v. *Smith*, 163 id. 149.