CARL O. E. MATTHERN *et al.*

*v.*

ODE L. RANKIN.

*Opinion filed June 19, 1907—Rehearing denied October 3, 1907.*

1. WILLS—*when will creates an active trust.* A will devising all of the estate to a trustee to hold in trust for a definite period, manage the estate, keep it in repair, re-build buildings from the proceeds of insurance policies in case of fire, keep the buildings insured, pay the taxes, make leases for such terms and at such rentals as he deems best, and pay, during his trusteeship, certain charges in favor of specified beneficiaries, creates an active trust, requiring the trustee to remain in actual control of the property during the period of the trust.

2. SAME—*when trustee has a vested estate which passes to his trustee in bankruptcy.* Where a will devises the entire estate to the grandson of the testatrix in trust for certain purposes, and provides that, subject to the trust, he shall hold the estate to himself,

his heirs and assigns forever, and shall have the right, subject to the charges, to hold the net income for his own use during the period of the trust, and that when the trust is ended and the charges paid the entire estate shall be conveyed to him absolutely, or if he dies before the trust is ended, to his devisees, or if he dies intestate, to his children, subject to his wife's dower and homestead, the grandson takes a vested equitable estate which passes to his trustee in bankruptcy, but the wife and children take no interest.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

WILLIAM R. BRAND, for plaintiffs in error.

DALE & FRANCIS, E. R. EDE, and ODE L. RANKIN, (FRANK L. CHILDS, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the superior court of Cook county by Ode L. Rankin, as trustee in bankruptcy of the estate of Carl O. E. Matthern, a bankrupt, against Carl O. E. Matthern, as trustee under the will of Caroline Keck, deceased, Louisa Matthern, his wife, and Raymah Matthern, his daughter, and Charles Keck and Catherine Keck, legatees under the will of Caroline Keck, deceased, praying for a construction of the will of Caroline Keck as to whether said will created a trust and whether Louisa Matthern and Raymah Matthern, wife and daughter of Carl O. E. Matthern, took any interest in the estate of said Caroline Keck, deceased, under the terms of the will of said Caroline Keck, deceased, and what interest, if any, the said Carl O. E. Matthern took under said will which passed to the complainant, as trustee in bankruptcy of said Carl O. E. Matthern. Answers and replications were filed and a hearing was had in open court, and a decree was entered holding that said Charles Keck and Catherine Keck took the legacies mentioned in the first division of said will

unaffected by the bankruptcy of said Carl O. E. Matthern; that the will created an active trust in Carl O. E. Matthern for the period of ten years, and that, subject to the payment of the legacies of Charles Keck and Catherine Keck and the active trust created in Carl O. E. Matthern for the period of ten years, the said Carl O. E. Matthern was the equitable owner in fee of all the estate of Caroline Keck, deceased, which estate, subject to said legacies and trust, passed to the complainant, and that Louisa Matthern and Raymah Matthern took no interest in said estate under the will of Caroline Keck, deceased, and Carl O. E. Matthern, Louisa Matthern and Raymah Matthern have prosecuted a writ of error from this court to review said decree, and Ode L. Rankin has assigned cross-errors.

The will reads, in part, as follows:

"*First*—I give, devise and bequeath to my grandson, Carl Otto Emil Matthern, being the only child of my deceased daughter, Louisa Matthern, all my estate, real and personal, to have and to hold the same for the period of ten years from and after my death, in trust for the following uses and purposes:

"I. He shall manage my estate, keep my real estate in repair and insured, pay all taxes and special assessments against the same and make leases of such part of my real estate as he may not occupy himself, for such length of time and at such rental as to him may seem best; and in case of the destruction of any part of the improvements on my real estate my said trustee shall use the proceeds of all insurance policies for the purpose of re-constructing the improvements on said property. My said trustee may hold and use my personal property or sell and convert the same into money, using the proceeds for the payments to be made by him, as hereinafter stated, but my said trustee shall not have the right to encumber or sell any part of my real estate.

"II. My said trustee shall pay all my just debts, and during the ten years of his trusteeship shall pay to Catherine

Keck, the wife of my deceased son, Charles Keck, interest at the rate of five per cent per annum on the principal sum of two thousand five hundred dollars ($2500), such payments to be made quarter-annually. Should said Catherine Keck die during said ten years, then for the remainder of said ten years my said trustee shall pay said interest to Charles Keck, of Milwaukee, son of my deceased son, Charles Keck, and at the end of said ten years shall pay and distribute said principal sum of $2500 among my grandchildren, the children of said Charles Keck, of Milwaukee, the descendants of a deceased child, if any, to take the parent's share. If her death should occur after said ten years, then, likewise, said principal sum shall be distributed between the children of said Charles Keck; but my said trustee shall have the right, during the life of said Catherine Keck, to pay to her, from time to time, such part of said principal sum of $2500 as to him may seem best and her necessities may demand.

"III. My said trustee shall pay to my said grandson, Charles Keck, of Milwaukee, during said ten years, interest at the rate of five per cent per annum on the principal sum of $2500, such payments to be made quarter-annually, and at the end of said ten years shall pay to said Charles Keck said principal sum of $2500. Should said Charles Keck die during said ten years, then said interest shall during the remainder of said ten years be paid to his children, and at the end of said ten years said principal sum of $2500 shall be paid and distributed between his children, the children of any deceased child to take the parent's share; but in this case, also, my said trustee shall have the right, from time to time, to pay to said Charles Keck such part of said principal sum as to him may seem best and the necessities of said Charles Keck may demand. The payments, as well of principal as of interest, to be made according to this and preceding paragraphs, are hereby made a charge upon my real estate, and in case of the failure of my trustee to make

228—21

such payments when due, the parties entitled to the same shall have the right to enforce such payments by proper legal proceedings.

"IV. Subject to the above trust, I give, devise and bequeath all my estate, real and personal, to my said grandson, Carl Otto Emil Matthern, to have and to hold the same to him, his heirs and assigns forever, and he shall have the right to receive and hold the net proceeds of the income of my estate during said ten years and thereafter for his own uses and purposes, but subject always to the charges above mentioned. At the end of said ten years, and when all the said charges above mentioned have been fully paid, all my estate, real and personal, shall then be conveyed to himself, the said Carl Otto Emil Matthern, he being at that time the trustee to make the conveyance. If said Carl Otto Emil Matthern should at that time have deceased, my said estate shall be conveyed to the devisees under his last will and testament, if he die testate, or if he die intestate, then to his children, the children of the deceased child to take the parent's share, but the conveyance to be subject to his wife's dower and homestead right.

"V. Should said Carl Otto Emil Matthern die during the period of said trust,—that is, within the ten years next after my death,—then the Security Title and Trust Company of Chicago is appointed his successor and trustee under this last will and testament, with power to manage said estate and collect the income arising therefrom and out of the same to make the payments above provided for, and at the end of said ten years to make the conveyance above mentioned."

It is conceded that the legacies to Charles Keck and Catherine Keck are unaffected by the bankruptcy of Carl O. E. Matthern. The first question, therefore, arising in this case is whether the cross-errors of the complainant, which challenge the correctness of that part of the decree which determines that the will of Caroline Keck, deceased,

created an active trust in Carl O. E. Matthern in the estate of Caroline Keck for the period of ten years, is correct.

Caroline Keck devised to Carl O. E. Matthern all her estate, to have and to hold in trust for the period of ten years from and after her death, and the will provides that Carl O. E. Matthern shall manage the estate, keep the real estate in repair and insured, pay all taxes and special assessments against the same, and make leases of such part of the real estate as he may not occupy himself for such length of time and at such rental as to him may seem best, and in case of the destruction of any part of the improvements on said real estate shall use the proceeds of all insurance policies for the purpose of re-constructing the improvements on said property, and shall during the time of his trusteeship pay to Catherine Keck, the wife of Charles Keck, interest at the rate of five per cent per annum on the principal sum of $2500, such payments to be made quarter-annually, and shall pay to Charles Keck, during said ten years, interest at the rate of five per cent per annum on the principal sum of $2500, such payments to be made quarter-annually, and at the end of ten years, and when all the charges above mentioned have been fully paid, shall convey to himself all of said real estate. Caroline Keck died possessed of two pieces of improved real estate in the city of Chicago, described as Nos. 584 and 586 Wells street, and which were worth approximately $20,000 and yielded an income of about $100 per month, which property was taken possession of by Carl O. E. Matthern subsequent to the death of Caroline Keck, which occurred on the seventh day of January, 1901. Said Carl O. E. Matthern was adjudged a bankrupt on August 6, 1902, and on September 26, 1902, the complainant was appointed trustee of the estate of said Carl O. E. Matthern, bankrupt.

An active trust is said to exist when the trustee is not merely a passive depositary of the estate, but is required to take active measures to carry into effect the general inten-

tion of the creator of the trust. (Anderson's Dictionary of Law, p. 1057.) In *Eldred* v. *Meek,* 183 Ill. 26, on page 35, it was said: "Appellants seem to overlook the thirteenth clause of the will, which directs that the executor (trustee) shall keep the lands rented; * * * that he shall pay legal taxes and assessments, repair buildings, etc., and re-build when for the best interest of the estate, and keep the buildings insured, and that he apply the balance of the proceeds equally in the 'necessary care, maintenance and education of those entitled to the actual benefit of the respective trusts under the terms and provisions of the will.' The duties imposed upon the trustee are more than passive. They are active duties, vesting and holding the title in him pending the period mentioned, and constitute him more than a mere naked trustee, and hence would authorize a court of chancery to direct and control the mode and manner of execution." The duties imposed upon the trustee in this case are more than passive. They are active duties. We think, therefore, it is clear that the will of Caroline Keck conferred such active duties upon Carl O. E. Matthern with reference to the management and control of the real estate of Caroline Keck as to require that he should remain in actual control of said real estate during the period covered by said trust, and are of the opinion the trial court did not err in holding that the will of Caroline Keck created an active trust in said Carl O. E. Matthern.

The next question that arises upon this record is, what interest, if any, does Carl O. E. Matthern take in the estate of Caroline Keck, deceased? By her will Caroline Keck, subject to the charges and trust created thereby, gave, devised and bequeathed all of her estate, real and personal, to said Carl O. E. Matthern, to have and to hold the same, to him and his heirs and assigns forever, and she provided therein he should have the right to receive and hold the net proceeds of the income thereof during said ten years, and thereafter for his own uses and purposes. She also

provided that at the expiration of said ten years, and when the charges against her estate created by the will should have been satisfied, the estate should be conveyed to said Carl O. E. Matthern absolutely, and in case of his death prior to the expiration of said ten years said estate should be conveyed to his devisees, if he died testate, or to his children, if he died intestate, the child of a deceased child to take the parent's share, such conveyance to be made subject to his wife's dower and homestead therein. The will, we think, clearly gave to Carl O. E. Matthern the entire estate of Caroline Keck, subject to the payment of the legacies to Charles Keck and Catherine Keck and the trust for the period of ten years created thereby, and that said Carl O. E. Matthern was the equitable owner of said estate, subject to the payment of said legacies and said trust, at the time he became bankrupt; and we think it equally clear that the provisions of the will that at the end of said ten years the property should be conveyed to Carl O. E. Matthern, or, in case of his death before the expiration of said ten years, to his devisees or children, was but a method provided for by the will of investing him, or in case of his death his devisees or children, with the legal title to said estate freed from said charges and said trust, and that those provisions of the will did not have the effect to cut down the equitable estate given to him by the will to an estate of less than an equitable fee, subject to said legacies and said trust. Such being our conclusion as to the interest in the estate of Caroline Keck taken by Carl O. E. Matthern under the terms of her will, it follows that his wife, Louisa Matthern, and his daughter, Raymah Matthern, took no interest in said estate, and that the interest which Carl O. E. Matthern acquired in the estate of Caroline Keck, deceased, by virtue of her will, being a vested estate at the time of his bankruptcy, it passed to his trustee in bankruptcy.

Finding no reversible error in this record the decree of the superior court will be affirmed.    *Decree affirmed.*