JAMES H. QUINLAN *et al.* Plaintiffs in Error, *vs.* ELIZA-
BETH WICKMAN *et al.* Defendants in Error.

*Opinion filed February 20, 1908.*

1. WILLS—*rule against perpetuities stated.* No interest subject
to a condition precedent is good unless the condition must be ful-
filled, if at all, within twenty-one years after some life in being at
the creation of the interest.

2. SAME—*interest is void if a violation of the rule against per-
petuities may possibly happen.* If provisions of a testamentary
character are such that under them a violation of the rule against
perpetuities may possibly happen, then the devise of the interest
dependent upon such provisions is void.

3. SAME—*what provision of trust creates a perpetuity.* A di-
rection to a trustee to pay the trust fund to the child of the tes-
tator's daughter when such child reaches the age of thirty years,
or, if there is more than one child, to divide the fund among them
when the youngest reaches the age of thirty years, inures to the
benefit of any children that may be born to the daughter after the
testator's death, and hence creates a perpetuity, which renders such
direction void.

4. SAME—*when life estate is not affected though devise of fu-
ture interest is void.* Where a devise of future interests to tes-
tator's grandchildren is void for remoteness under the rule against
perpetuities, the prior interests created by the will become what
they would have been had the limitation of the future estate been
omitted, and if the prior interest is a valid trust for the life of the
testator's daughter, her life estate will remain unaffected but the
grandchildren will take nothing, either as heirs or devisees.

5. SAME—*effect where limitation depends upon two contingen-
cies.* Where the final limitation of a trust provision depends upon
two contingencies, one of which is bound to occur, if at all, within
the time limited by the rule against perpetuities while the other may
not occur until after that time, the interest, in so far as it depends
upon the latter contingency, is void, even though the event hap-
pens; but the interest is good which depends upon the former con-
tingency, and if that event occurs the estate will take effect.

6. SAME—*when final limitation of trust estate is good—when
invalid.* A provision of a will giving the trust estate to the trustee
in case the life beneficiary should die leaving no child surviving
her is valid and may be given effect upon the happening of the
event; but an alternative provision for the same disposition in case
of the death of the surviving children of the life beneficiary be-
fore they reach the age of thirty years is invalid for remoteness,
and the estate cannot be given effect even though the event occurs.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

James H. Quinlan and Mary Quinlan, his wife, filed their bill in the circuit court of Cook county against Elizabeth Wickman, Raymond Wickman, Charles Quinlan, Henrietta Quinlan and Michael Burke, and against Nellie M. Burke individually and as executrix and trustee under the last will and testament of Ellen Quinlan, deceased, in which they alleged that on November 19, 1899, Ellen Quinlan died, leaving James H. Quinlan, Charles Quinlan, Nellie M. Burke and Elizabeth Wickman her four children and only heirs-at-law. At the time of her death she was seized of certain real estate in Chicago and left a will, the material parts of which are as follows:

"I give, devise and bequeath to my daughter Nellie M. Burke all my estate, real, personal and mixed, for the uses and trusts and for the purposes hereinafter set forth, to-wit:

"(A) In trust to take possession of, manage and control the same, invest and re-invest any surplus trust money in her hands in good real estate securities; to collect the rents from my real estate and pay out such sums as may be needed for taxes, insurance or repairs, and at her discretion to sell any portion of my estate and execute and deliver to the purchaser a good and sufficient deed therefor, but the purchaser thereof shall not be required to see to the application of the purchase money. In case the improvements on my real estate are destroyed, wholly or in part, by fire or otherwise, I hereby authorize my said trustee to restore the same, and, if needed, to borrow money for that purpose and secure payment of the same by the real estate affected.

"(B) In trust when my real estate, or any part thereof, is sold by my said trustee pursuant to the powers hereby vested in her, to pay my son Charles Quinlan, out of the proceeds of said sale, the sum of four thousand dollars ($4000).

"(C) In trust out of any trust money in her hands to pay to my daughter Elizabeth Wickman any sum that the said Elizabeth Wickman may desire and my said trustee deem proper. It is my primary purpose by this will to provide for the welfare and happiness of my said daughter Elizabeth Wickman and her children, and I desire my said trustee to provide for her and them in a liberal manner, and make sale of my real estate and convert into money my personal estate whenever it is needful for that object. In case of the death of my said daughter Elizabeth Wickman in my lifetime or afterwards, then I desire my said trustee out of my estate to provide for the welfare and happiness of any child or children of the said Elizabeth Wickman that may survive her, in a liberal manner, and if there be but one of such children, to pay such child, on arriving at the age of thirty years, all trust moneys then in the hands of my said trustee, to be the absolute property of such child. If there be more than one of such children, my said trustee may expend such sums for their welfare as she may deem expedient until the youngest child shall arrive at the age of thirty years, which time all trust moneys then in the hands of my said trustee shall be divided among all of such children, share and share alike.

"(D) In trust my said daughter Elizabeth Wickman should die without leaving any children, or in case the surviving child of my said daughter Elizabeth Wickman, or all of such children, if more than one, die before arriving at the age of thirty years, then I give, devise and bequeath all my trust estate to my said daughter Nellie M. Burke, or, to her heirs in case of her death, as her or their absolute property and estate, discharged of all manner of trusts whatsoever."

The bill further alleged that Elizabeth Wickman, at the time of the death of her mother, was a married woman between thirty and thirty-five years of age; that she is now an unmarried woman and has one child, Raymond Wick-

man, a minor under the age of twenty-one years; that the will of Ellen Quinlan, in so far as it seeks to convey to Nellie M. Burke the property in trust, is void in law, and that the will, in the attempt to dispose of the property in trust, is violative of the law against perpetuities and ineffectual as a devise or bequest of said property to Nellie M. Burke in trust; that upon the death of Ellen Quinlan her four children became seized in fee, as tenants in common, of the real estate in question, each being entitled to an undivided one-fourth thereof. The prayer of the bill is for a partition of the premises and for an accounting of the rents and profits and for the appointment of a receiver. An answer was filed admitting the allegations of the bill but claiming that the will was a valid testamentary disposition of the testatrix's property. Upon a hearing the court held that the will did not violate the rule against perpetuities or create an illegal trust, and dismissed the bill for want of equity. To reverse the decree a writ of error has been sued out of this court.

F. C. STRUCKMEYER, for plaintiffs in error:

No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest. Gray on Perpetuities, sec. 201, and cases cited; *Post* v. *Rohrbach,* 142 Ill. 600; *Schaefer* v. *Schaefer,* 141 id. 339; *Lawrence* v. *Smith,* 163 id. 150; *Eldred* v. *Meek,* 183 id. 26; *Pitzel* v. *Schneider,* 216 id. 87; *Owsley* v. *Harrison,* 190 id. 235.

If by any possibility the devise may violate the rule it is bad. The fact that in the particular case under consideration the rule is not violated does not warn from the consequences. *Post* v. *Rohrbach,* 142 Ill. 600, and cases above.

A gift upon a contingency which may happen beyond the limits of the rule is bad, even though persons be living at the death who may be within the limits of the rule. Gray

on Perpetuities, (2d ed.) secs. 369-374; Marsden on Perpetuities, 107; Lewis on Perpetuities, sec. 464.

There must, in a contingent gift, be no possibility of its vesting beyond the time to render it valid. If it is one of a class, the whole class stands or falls together. *Sears* v. *Russell*, 8 Gray, 86.

Where a person is to take, if at all, as a survivor, his interest is not vested,—it is contingent. *Temple* v. *Scott*, 143 Ill. 290; *Cheney* v. *Teese*, 108 id. 482; *Eldred* v. *Meek*, 183 id. 26.

Alternative limitations have been entirely ignored by this court. Perpetuities are abhorrent to the law, and no limitation transcending the limits of the rule in whole or in part should be given effect. *Rhoads* v. *Rhoads*, 43 Ill. 252; *Eldred* v. *Meek*, 183 id. 26; *Lawrence* v. *Smith*, 163 id. 43; *Post* v. *Rohrbach*, 142 id. 600; *Schuknecht* v. *Schulze*, 212 id. 43.

VAIL & PAIN, for defendants in error:

Where there are alternative or separable limitations in a will, one of which does and the other does not violate the rule against perpetuities, the rule is not applied but the estate depends upon the event. Gray on Perpetuities, secs. 343-349; 22 Am. & Eng. Ency. of Law, (2d ed.) p. 708; 1 Jarman on Wills, 255-257; 2 Redfield on Wills, sec. 73, par. 20; *Seaver* v. *Fitzgerald*, 141 Mass. 401; *Jackson* v. *Phillips*, 14 id. 539.

Where effect cannot be given to the entire will, a part may be sustained which conforms to the rule of law, where no violence is thereby done to the general intention of the testatrix. 2 Jarman on Wills, 843; *Nevitt* v. *Woodburn*, 190 Ill. 283; *Lawrence* v. *Smith*, 163 id. 149.

Where there is a devise in trust, upon the beneficiary arriving at a certain age the estate vests. *Loan Co.* v. *Bonner*, 78 Ill. 325; *Lent* v. *Lent*, 108 id. 314; *McCartney* v.

*Osburn,* 118 id. 421; 1 Jarman on Wills, 734; 2 Redfield on Wills, 224.

When a gift is to be distributed in the future, subject to the life of another, the estate will vest at once, the right of enjoyment, only, being deferred. *Eldred* v. *Meek,* 183 Ill. 37; *Carper* v. *Crowl,* 149 id. 465; *Knight* v. *Pottgieser,* 176 id. 368.

The creation of a trust does not suspend the power of alienation save where a term is created. *Hart* v. *Seymour,* 147 Ill. 614.

If Mrs. Wickman dies leaving children, an equitable fee vests in them on her death. *Howe* v. *Hodge,* 152 Ill. 276; Perry on Trusts, sec. 381.

Mr. JUSTICE DUNN delivered the opinion of the court:

The rule against perpetuities is thus stated: "No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest." "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." (Gray on Perpetuities, sec. 201; *Owsley* v. *Harrison,* 190 Ill. 235; *Lawrence* v. *Smith,* 163 id. 149; *Howe* v. *Hodge,* 152 id. 252.) If provisions of a testamentary character are such that under them a violation of the rule against perpetuities may possibly happen, then the devise of interests dependent upon such provisions is void. *Eldred* v. *Meek,* 183 Ill. 26, and cases cited *supra.*

The will in this case directs the payment by the trustee of all trust moneys in her hands to the child of Elizabeth Wickman that may survive her, on such child arriving at the age of thirty years. If there is more than one such surviving child, then the trustee is to divide the money equally among them on the youngest arriving at that age. Under the settled rules of construction the children of Elizabeth Wickman living when the estate is to be divided,

even those born after the death of the testatrix, if any, are included among those to whom payment is directed to be made. Their interest becomes vested only at the time of distribution. (*Schuknecht* v. *Schultz,* 212 Ill. 43; *Eldred* v. *Meek supra; Scofield* v. *Olcott,* 120 Ill. 362; *Handberry* v. *Doolittle,* 38 id. 202; *Pitzel* v. *Schneider,* 216 id. 87.) The interest of the children of Elizabeth Wickman, under the will, therefore does not necessarily fully vest within a life in being at the death of Ellen Quinlan, the testatrix, and twenty-one years. It is possible that Elizabeth Wickman may marry and die leaving a child who would not reach the age of thirty years within the time required by the rule. The direction for payment to the children of Elizabeth Wickman is therefore void.

But the invalidity of the limitation to the grandchildren of the testatrix does not necessarily invalidate the bequest to the daughter. "If future interests created by any instrument are avoided by the rule against perpetuities, the prior interests become what they would have been had the limitation of the future estates been omitted from the instrument." (Gray on Perpetuities, sec. 247.) "When a subsequent condition or limitation over is void, by reason of its being impossible, repugnant or contrary to law, the estate becomes vested in the first taker, discharged of the condition or limitation over, according to the terms in which it was granted or devised. If for life, it then takes effect as a life estate; if in fee, then as a fee simple absolute." (*Howe* v. *Hodge, supra; Nevitt* v. *Woodburn,* 190 Ill. 283; *Chapman* v. *Cheney,* 191 id. 574; *Brattle Square Church* v. *Grant,* 3 Gray, 142.) Where effect cannot be given to all the provisions of a will, those parts may be sustained which conform to the rules of law if no violence is thereby done to the general intention of the testator. *Lawrence* v. *Smith, supra; Eldred* v. *Meek, supra.*

The testatrix in her will expressly stated that it was her primary purpose to provide for the welfare of her daugh-

ter and the latter's children. Having four children,—two sons and two daughters,—she provided for a legacy of $4000 to one of the sons and then disposed of all the rest of the property for the benefit of one of the daughters and her children. This daughter was married, though after her mother's death she obtained a divorce from her husband. She had one child, a boy sixteen years old, at the time of the testatrix's death. Under the circumstances the testatrix thought best for the welfare of the daughter and her children to create a trust for their benefit, which was done by placing all the property in the control of the other daughter as trustee, subject to the provisions of the will. The provision for the benefit of Mrs. Wickman during her life violates no rule of law but accomplishes precisely the result desired by the testatrix. The provision for the grandchildren is too remote and cannot be given effect. They take nothing as heirs. They cannot take under the will. The testatrix has failed to give effect in her will to her intentions for their benefit, but the disposition of her property in favor of Mrs. Wickman is valid.

The final limitation to Nellie M. Burke, contained in clause D of the paragraph of the will under consideration, depends upon one of two contingencies. One is the death of Elizabeth Wickman without leaving any children; the other, the death of the last surviving child of Elizabeth Wickman before any of her children have attained the age of thirty years. The first is bound to occur, if at all, at Elizabeth Wickman's death, and the limitation is lawful; the second may not occur until more than twenty-one years after her death, and is therefore within the rule against perpetuities. Where a devise is void for remoteness, all limitations ulterior to or expectant on such remote devise are also void. (1 Jarman on Wills, 283.) But where a limitation is to arise upon an alternative event, one branch of which is within and the other is not within the prescribed limits, it will take effect or not, according to the event.

(Ibid. 285.)   So far as the gift over depends upon the single event which may or may not happen within the required time, it is void, and the actual happening of the event within that time cannot make it good; but so far as it depends upon the alternative event, which must happen, if at all, within the limit of the rule, the gift over is good, and if that event actually does happen, the estate will take effect without regard to the consideration that upon a different contingency, which might or might not happen within the lawful limit, the limitation would be void for remoteness. *Longhead* v. *Phelps,* 2 W. Bl. 704; *Leake* v. *Robinson,* 2 Mer. 363; *Monypenny* v. *Dering,* 2 DeG., M. & G. 145; *Cambridge* v. *Rous,* 25 Beav. 409; *Attorney General* v. *Wallace,* 7 B. Mon. 611; *Armstrong* v. *Armstrong,* 14 id. 333; *Jackson* v. *Phillips,* 14 Allen, 539.

The limitation to Mrs. Burke if Mrs. Wickman dies leaving no child surviving her is valid, and if that event occurs will be given effect; but the alternative limitation, in the event of the death of Mrs. Wickman's surviving children before reaching the age of thirty years, is invalid and cannot be given effect even though the event occurs within the year.

Mrs. Nellie M. Burke holds the title to the property involved, in trust for the payment of the legacy mentioned in the will and for the benefit of Mrs. Elizabeth Wickman during her life, pursuant to the terms of the will, and thereafter for her own benefit, if Mrs. Wickman leaves no children; but if Mrs. Wickman leaves a child surviving her, the remainder in the property has not been disposed of and will vest in the heirs of the testatrix. Until the death of Mrs. Wickman it cannot be known in whom the title will finally vest or whether complainant will have any interest therein. He has therefore no right to a partition and his bill was rightfully dismissed for want of equity.

The decree will be affirmed.                   *Decree affirmed.*