Virginia Milner Thorne (Also Known as Virginia Milner), Appellant, v. Continental National Bank and Trust Company of Chicago et al., Appellees.

Gen. No. 40,808.

Heard in the first division of this court for the first district at the October term, 1939. Opinion filed May 20, 1940.

BERNARD W. VINISSKY, of Chicago, for appellant.

MARKHEIM, PARKER & MILLER and BARRY & CROWLEY, all of Chicago, for certain appellees; A. R. MILLER and JEROME J. CROWLEY, of counsel.

GERALD R. GORMAN, of Chicago, for certain other appellee.

WILLIAM R. SWISSLER, of Chicago, for certain other appellee.

JOHN E. CASSIDY, Attorney General; JEROME F. DIXON, Assistant Attorney General, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This case involves the validity of a provision in the will of Gordon C. Thorne attempting to establish a charitable trust. The trial court held this provision void as in violation of the rule against perpetuities, ch. 30, par. 153, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 135.02].

The Attorney General of the State appears in this court to support this provision of the will and is a proper party for this purpose. *Attorney General v. Newberry Library,* 150 Ill. 229, 236; *People v. Braucher,* 258 Ill. 604, 608. The individual beneficiaries Marion Thorne, the widow of Gordon C. Thorne, and his minor son, Montgomery Ward Thorne, seek to sustain the trial court. Virginia Milner Thorne, plaintiff appellant has by stipulation been dismissed from the cause, without

prejudice to the right of the Attorney General to appeal.

Leading up to the sole issue in the case it should be noted that in 1921, Katharine C. Camp executed three trust indentures, with the Continental Bank as trustee; in two of these trusts she provided that the income of the trust property should be paid to her son Gordon C. Thorne for his life, and upon his death the remainder should be delivered as he might provide in his last will; in the third trust Mrs. Camp reserved the entire net income to herself for life and upon her death the income, subject to certain annuities, should be paid to her son Gordon C. Thorne during his natural life and upon his death should be paid as he might provide in his last will.

Katharine C. Camp died January 4, 1930, and thereafter Gordon C. Thorne received the income of all three trusts until his death January 28, 1938; he left a last will and codicil in which he attempted to exercise the powers of appointment vested in him by the above-described trust indenture. By this will he provided, among other things, that the trust funds remaining after the payment of certain legacies should go to the Continental National Bank and Trust Company as trustee, with a life estate in one-half the income to his widow Marion Thorne and the other one-half to his minor son, Montgomery Ward Thorne, who was born October 17, 1933, more than 12 years after the execution of the last Katharine C. Camp trust.

The appellees assert that the only paragraph of the will involved in this proceeding is tenth (b), as it is the only paragraph in which the charitable bequests represented by the Attorney General are mentioned. This provides that if after the date of the death of both the testator's wife and son the testator should have no lawful descendants surviving him, nor any possibility that such may thereafter be born, the trust should immediately terminate and the trust estate should be paid

over absolutely as the survivor of his wife and son, in and by his or her last will and testament, may appoint, provided, however, that the survivor should appoint at least three-fourths of the trust estate for charitable purposes. In the event of the failure of the survivor to exercise such power of appointment the entire corpus of the trust estate shall be paid to the trustee to be used for charitable purposes.

Virginia Milner Thorne filed her complaint in the circuit court seeking to subject the estate funds to the payment of creditors of Gordon C. Thorne; the Continental Bank, as trustee, filed a counterclaim asking for a construction of the will of Gordon C. Thorne and raised the question, among others, as to whether paragraph tenth (b) did not violate the rule against perpetuities, which forbids the disposition of any property for longer than the term of 21 years from the death of such settlor; that under this paragraph the distribution of the trust estate might be postponed until the death of Montgomery Ward Thorne, who was not in being at the time the Katharine C. Camp trusts were executed and who might die more than 21 years after any life in being at the time of such execution. The trial court was in accord with this view and held that this paragraph was void, since the vesting of the remainder of the property is contingent on a life not in being at the time of the execution of the trust which created the power of appointment, thus violating the rule against perpetuities, citing *Northern Trust Co. v. Porter,* 368 Ill. 256. In that case the Supreme Court discussed the divergent views as to when the period of the rule must be computed. The court said that the great weight of American decisions supports the view that the period of perpetuities begins to run from the date of creation of a general testamentary power. The opinion discussed the question at length and concluded that the period of the rule must be computed from the time of the creation by the donor, which in the instant case would mean

the creation of the trusts by Katharine C. Camp, which was more than 12 years before the birth of Montgomery Ward Thorne.

In *Easton v. Hall*, 323 Ill. 397, is a full discussion of the rule relating to perpetuities. At p. 408 the opinion says:

"The rule against perpetuities is, 'that no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.' (Gray's Rule Against Perpetuities, sec. 201.) If the provisions of a will are such that under them a violation of the rule against perpetuities may possibly happen, then the devise of interests dependent upon such provisions is void. The time fixed by this will for the distribution of the funds of the trust and its payment to the ultimate takers of the property of the estate was at the death of the last survivor of the beneficiaries of the trust for whom annuities were provided. If that time may possibly be more than twenty-one years after the death of the testatrix it is too remote for the gift over to be valid. ... The improbability of its occurrence after the prescribed time is immaterial. If it can possibly happen after that time an interest conditioned upon it is too remote. (Gray's Rule Against Perpetuities, sec. 214; Tiffany on Real Prop. sec. 180.)"

The Attorney General says that the will must be read as a whole and that paragraph tenth (a) must be read in connection with paragraph tenth (b), which gives alternative contingencies, and where a will limits a future estate upon alternative contingencies, one of which violates the rule against perpetuities and the other does not, the limitation will be upheld if the valid contingency occurs.

The general statement of the law relating to alternative contingencies is found in 48 Corpus Juris 945:

"b. Alternative Contingencies. When a future interest or estate is limited upon alternative contingencies, one of which must occur, if ever, within the period

specified by the rule against perpetuities, and the other will or may occur after the expiration of such period, the limitation is not to be held invalid pending the determination of the event, and it will take effect or not according to the happening or non-happening of the former contingency.

"Double Contingency Distinguished. The principle hereinabove stated can be applied, however, only where contingencies are stated in the alternative by the instrument creating the interest or estate; and where a limitation is upon one contingency, although depending upon a twofold event, the court will not split it up into two contingencies, one good and one bad, so as to give effect to the limitation on the ground that the good contingency has taken place, . . ."

Appellees argue that where the alternative contingencies have not been expressly separated by the language of the will, the court will not make the separation for the testator, and that in the instant case the alternative contingencies have not been expressly separated by the language of the will.

Paragraph tenth (a), which is cited by the Attorney General as containing one of the alternative contingencies, provides that—

"The Principal Trust Fund and Individual Trust Fund hereinabove created shall terminate twenty-one (21) years after the date of the death of my beloved wife, MARION THORNE, or my son, MONTGOMERY WARD THORNE, whichever shall occur second, at which time the corpus of said trust estates shall be divided equally among my lawful descendants, *per stirpes* and not *per capita.*" It should be noted that the contingency there stated is, after the death of the wife or the testator's son, "whichever shall occur second."

We find nothing in this paragraph relating to a devise for charitable purposes. This paragraph contemplates the event of the testator having "lawful descendants," who shall divide the corpus of the estate upon

the death of the survivor, either the widow or the son, 21 years after the date of such death.

Paragraph tenth (b) is predicated upon different conditions, namely, the death of both the wife and the son, and that no lawful descendants of the testator survive him, "nor shall there be a possibility that such lawful descendant or descendants may be thereafter born," in which event the trust shall terminate immediately, "even though twenty-one (21) years shall not have elapsed since the date of the death of the survivor." Under such circumstances the trust should be paid over as the survivor of the wife and son shall appoint, provided that three-fourths of the corpus of the trust estate shall be used for charitable purposes.

The opinion in the *Easton* case, *supra* (p. 410, 411) discusses the situation where "an event which may occur beyond the legal period will not be separated by the court into two gifts, one in case the event occurs within the period and the other in case it occurs afterward, and upheld as to the former. The happening of the event within the time required by the rule does not render the limitation over valid unless the donor or testator expressly so provides." The opinion discusses the cases of *Quinlan v. Wickman,* 233 Ill. 39, and *Moroney v. Haas,* 277 Ill. 467, cited by the Attorney General, where it was held that in each of those cases the testatrix expressly separated the gifts over into two gifts. In the *Easton* case it was held that the testatrix violated the rule against perpetuities because it was conditioned "after the death of all the beneficiaries," one of whom might be the widow of her son and such widow might be a person who was not in being at the time of the death of the testatrix.

Counsel for both parties have discussed at considerable length the opinion in the *Easton* case, but we fail to see how either in that or any other case cited there can be found any support for the claim of the Attorney General. If paragraph tenth (a) is a valid alternative, we

find nothing there which provides for the establishment of a charitable trust. The only provision relating to this is in tenth (b).

The argument seems to be that this paragraph provides in the alternative for the valid contingency of the predecease of Montgomery Ward Thorne to his mother, Marion Thorne. But as we have said, this valid contingency is not expressly separated from the possibility of Montgomery Ward Thorne surviving his mother, in which event the provisions for the charitable trust are invalid.

In the *Easton* case is a quotation from *Miles v. Harford,* 12 Ch. D. (Eng.) 691, by the Master of the Rolls, Sir George Jessel, which is applicable to the instant case: " 'As I understand the rule of law it is a question of expression. If you have an expression giving over an estate on one event and that event will include another event which itself would be within the limits of perpetuities, or, as I say, the rule against perpetuities, you cannot split the expression so as to say if the event occurs which is within the limit the estate shall go over, although if that event does not occur the gift over is void for remoteness. In other words, you are bound to take the expression as you find it, and if, giving the proper interpretation to that expression, the event may transgress the limit, then the gift over is void.' "

For the reasons indicated we hold that the trial court properly found the provisions for the charities contained in paragraph tenth (b) of the will are void, and its order to this effect if affirmed.

*Order affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.