(No. 10968.)

GEORGE WOOD, Appellant, *vs.* IVEN WOOD *et al.* Appellees.

*Opinion filed December 21, 1916.*

1. WILLS—*a construction arriving at a result inconsistent with testator's intention should be avoided.* A construction which arrives at a result which is inconsistent with the general scheme of the testator for the disposition of his property will not be adopted unless the language used imperatively requires it and can be given no other reasonable construction.

2. SAME—*a codicil referring to husbands and wives of devisees means those living at the testator's death.* A will speaks from the death of the testator, and where a codicil makes the husbands and wives of certain devisees for life joint tenants with such devisees it must be held to refer to those who were the husbands and wives of the devisees at the testator's death, and not to persons who might be born after the testator's death and become the husband's and wives of the devisees.

3. SAME—*when a devise does not violate rule against perpetuities.* Where a clause in a will gives a life estate to the testator's son with a remainder for life to his children and two grandchildren and with remainder in fee to their children, and in case both the grandchildren shall die without descendants surviving, their share shall go to "his or her uncles and aunt and their descendants, re-

spectively, in equal shares, share and share alike, for life and in remainder to their respective children, as aforesaid," the words "as aforesaid" refer back to the devise to the uncles and aunt of the grandchildren in the previous part of the clause and indicate that the gift over is of the same character, and the clause does not violate the rule against perpetuities with respect to the fee.

APPEAL from the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding.

M. T. LAYMAN, for appellant.

WORTHINGTON, REEVE & GREEN, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

James Wood died on March 26, 1915, leaving a will. His heirs were his brothers, Richard S., Iven and George, his sister, Julia A. Beekman, the descendants of his deceased brothers, Milton and David, and the descendants of two half brothers named Smith. He left a widow, who renounced the will. His estate, worth about $225,000, consisted mostly of real estate. His brother George, and the descendants of his brother Milton and of the deceased half brothers, took nothing under the will. George filed a bill in the circuit court of Morgan county praying that the will be set aside on the ground that it violated the rule against perpetuities. A demurrer was sustained to the bill, it was dismissed for want of equity and the complainant appealed.

The will makes a number of devises and bequests which are not involved in this proceeding. The part of the will which is questioned is that which disposes of the residue of the estate, which the testator divided specifically into four equal parts, making provision for the equalization of the parts in accordance with his estimate of the value of the property included in each part. Paragraph 8 then disposes of the first part as follows:

"*Eighth*—Said first part, subject to said conditional charge, I give, devise and bequeath to my brother David

Wood for and during his natural life. Subject to the life estate of my said brother I give, devise and bequeath one-fifth of said first part to his son Ballard Wood, one-tenth to his grandson, Albert Stice, one-tenth to his grand-daughter, Bertha Stice, one-fifth each to his sons Samuel Wood and Richard Wood, and one-fifth to his daughter, Martha Wood, for and during their respective natural lives. Subject to the life estate of my said brother David Wood, and to the respective life estates in his children and grand-children above named, I give, devise and bequeath said first part to the children of said children and grandchildren, respectively, above named, lawfully begotten, the child or children of any deceased child to take the parent's part in equal shares, share and share alike, and in the event any of said children or grandchildren above named shall ultimately die without descendants or descendant him or her surviving, his or her portion shall go, irrespective of the date of such death, to his or her brother or brothers, sister or sisters, or in case both of said grandchildren shall so die without descendants or descendant, then to his or her uncles and aunt and their descendants, respectively, in equal shares, share and share alike, for life and in remainder to their respective children, as aforesaid."

Paragraph 9 disposes of the second part to his brother Iven, Iven's three sons and daughter and one grandson and one grand-daughter, in the same language as paragraph 8, except that in the final clause the words "and their descendants," after the words "his or her uncles and aunt," are omitted. Paragraph 10 disposes of the third part of the residue to testator's brother Richard and his three daughters in substantially the same language, except that, there being no grandchildren involved, the devise in case of the death of both grandchildren without descendants, contained in paragraph 8, was omitted. The fourth part was disposed of by the eleventh paragraph of the will to the testator's sister, Julia A. Beekman, and her three children, in sub-

stantially the same language as the third part was disposed
of by paragraph 10. The following is the twelfth para-
graph of the will:

"*Twelfth*—Lest the language of my will may not be en-
tirely clear, I will and direct that it shall in all cases be
taken to mean that the several portions are devised to the
succeeding generations *per stirpes* and not *per capita,* where,
as in two instances, two generations are named, so that the
members of each generation shall share and share alike in
the portion that is or would have been devised to their
parent."

Other provisions of the will are not deemed necessary
to notice. Five codicils were subsequently added to the
will, one of which refers to the fact that the testator did
not mention his brother George or the descendants of his
deceased brother Milton as devisees under his will for rea-
sons which seem sufficient to him, and that he mentions
them simply for the purpose of emphasizing that he has
purposely selected the persons named as devisees as the sole
and only persons and corporations among whom his estate
is to be distributed. Another codicil modifies the will so
as to direct that the wives of Iven Wood and Richard Wood
shall be joint tenants with their respective husbands, and
the husband of Julia A. Beekman shall be a joint tenant
with her, with the right of survivorship for life.

The circuit court held that the final devise in the eighth
paragraph of the will, in case of the death of both of the
grandchildren of David Wood without descendants, to their
uncles and aunt and their descendants, was a violation of
the rule against perpetuities and therefore void but that the
remainder of paragraph 8 was valid; that the valid provi-
sions of said paragraph and the said void limitation over
are separable, that the *corpus* of the estate was disposed of
by the valid provisions of paragraph 8, and that no other
provision of the will violates the rule against perpetuities.

"The rule against perpetuities is thus stated: 'No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest.' 'No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.' (Gray on Perpetuities, sec. 201; *Owsley* v. *Harrison*, 190 Ill. 235; *Lawrence* v. *Smith*, 163 id. 149; *Howe* v. *Hodge*, 152 id. 252.) If provisions of a testamentary character are such that under them a violation of the rule against perpetuities may possibly happen, then the devise of interests dependent upon such provisions is void.— *Eldred* v. *Meek*, 183 Ill. 26, and cases cited *supra*." *Quinlan* v. *Wickman*, 233 Ill. 39.

Counsel for the appellant insists that the last clause of paragraph 8 of the will is obnoxious to the above rule because, he says, it devises an estate upon the death of the survivor of the two grandchildren without descendants, to the descendants of the uncles and aunt of such survivor for life with the remainder to the children of such descendants, and the tenants of the life estate so created may be the descendants of the uncles and aunt born after the testator's death, while their children who are to take the remainder may not be born until more than twenty-one years after the death of the grandchildren of David Wood, thus postponing the vesting of the remainder in them beyond the period fixed by the rule. If this view of the estate intended to be created is correct the conclusion that it violates the rule follows, and this view was taken by the circuit court, but in our judgment it is incorrect. The general scheme of the testator for the disposition of his property is manifest. After providing for certain specific legacies and expenditures he intended to divide the residue of the estate equally among his brothers David, Iven and Richard and his sister, Julia, giving to each a one-fourth part of his estate for life, with remainder after the death of each to their respective

children named in the will, in equal parts, for life, with
final remainder in fee, after the death of each of such chil-
dren, to their respective children constituting the third gen-
eration, treating the grandchildren of his brothers George
and Iven the same as children, except that each took only
half of a child's share.   David died in the testator's life-
time, so that his life estate never took effect, but the con-
struction of the will is not affected by that fact.   Upon the
testator's death the life estate in the part of the property in-
cluded in paragraph 8 of the will vested in the four children
and two grandchildren of David Wood, and paragraph 8
disposed of the remainder in the life estate of each child
and grandchild to his or her children, provided that if any
such children should have died before the termination of
the life estate, the child or children of such deceased child
should take the parent's part.   It was then provided that
if any of the children or grandchildren of David Wood
should die without descendants surviving, his or her por-
tion should go to his or her brother or brothers, sister or
sisters.   The further provision was made "in case both of
said grandchildren shall so die without descendants or de-
scendant."   The word "so" here refers back to the expres-
sion in the preceding clause, "in the event any of said
children or grandchildren above named shall ultimately die
without descendants or descendant him or her surviving,"
and indicates that the death without descendants referred
to was death without descendant or descendants surviving.
The devise in case both of said grandchildren should so die
without descendant or descendants was "then to his or her
uncles and aunt and their descendants, respectively,  *  *  *
for life and in remainder to their respective children, as
aforesaid."   The expression "as aforesaid" refers back to
the previous devise to the uncles and aunt of the grand-
children and their descendants, and indicates that the gift
over after the death without descendants of both the grand-
children is of the same character as the devise to the uncles

and aunt and their descendants mentioned in the preceding part of the clause. Referring back we find that the devise to the uncles and aunt and their descendants is to Ballard Wood, Samuel Wood, Richard Wood and Martha Wood for life with remainder to their respective children, the child or children of any deceased child to take the parent's part, and in the event any child shall die without a surviving descendant, his part to go to his or her brother or brothers, sister or sisters. It is to this devise that the testator refers when making the devise over upon the death of both the grandchildren without issue, and to save the repetition of the prolix terms necessary to provide for the various contingencies contemplated he directed that the estate should go "to his or her uncles and aunt and their descendants, respectively, * * * for life and in remainder to their respective children, as aforesaid." The manner in which the estate went to the uncles and aunt and their descendants, as aforesaid, was to the uncles and aunt for life and in remainder to their respective children, and this was the manner in which the estate mentioned in the final devise was intended to go.

This construction is consistent with the clearly manifest general intent of the testator that his sister and each of his named brothers should take an estate for life; that the next generation, being their children who are named, including the four grandchildren named, should next take a life estate, and that the children of this generation, being the third generation, should take the fee. A construction which would give to the children of one of David Wood's children who had died the fee in the portion of the property in which his parent had had a life estate, but only a life estate in the portion in which the grandchildren had had a life estate, would be unreasonable. No purpose of the testator in making such an irrational devise is apparent, and a construction which arrives at a result so inconsistent with the general scheme of the testator for the disposition of his

property will not be adopted unless the language used imperatively requires it and can be given no other reasonable construction.

If the last devise in paragraph 8 takes effect, the estate thereby created, upon the death of the last surviving grandchild of David Wood, will vest at once for life in Ballard Wood, Samuel Wood, Richard Wood and Martha Wood, with remainder in fee to their children. If any of them are without children this remainder will be contingent, but it must vest, if at all, during the lives of the persons named. If any of them are dead the fee will vest at once, on the death of the survivor of the grandchildren, in their children. The estates created by this paragraph must therefore vest within the time limited by the rule.

Nothing further need be said about the remaining paragraphs, for if the estates limited by paragraph 8 are valid there is no reason for holding those limited by the other paragraphs invalid.

It is suggested that the devise, in certain contingencies, to surviving brothers and sisters violates the rule because other brothers and sisters may be born after the death of the testator, and that the provision that husbands and wives shall be joint tenants also violates the rule because the brothers and sister might marry spouses born after the death of the testator. The will speaks from the testator's death, and therefore refers to wives and husbands who were such wives and husbands at that time. All the devises to surviving brothers and sisters were to take effect upon the death of a life tenant living at the testator's death and were therefore within the rule.

The circuit court was wrong in its conclusion as to the eighth paragraph of the will but right in sustaining the demurrer. The will did not violate the rule against perpetuities, and the decree will be affirmed.  *Decree affirmed.*